[Civ. No. 44387. First Dist., Div. Four. Mar. 30, 1979.]

JOHN TSINGARIS et al., Plaintiffs and Appellants, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

## COUNSEL

Hoberg, Finger, Brown, Carlson, Cox & Molligan and James Geagan for Plaintiffs and Appellants.

Evellé J. Younger, Attorney General, Robert L. Bergman, Assistant Attorney General, Dennis G. Fry, Deputy Attorney General, Keith C. Sorenson, District Attorney, and Elizabeth A. Coyne, Deputy District Attorney, for Defendants and Respondents.

## OPINION

**CHRISTIAN, J.**—John Tsingaris and Rita Tsingaris appeal from an order denying a petition for relief from lateness in filing claims pursuant to the Government Tort Claims Act as a basis for bringing suit against the State of California, the County of San Mateo and Fred Arthur Wenger.

The petition for relief was submitted upon declarations showing that Rita Tsingaris was seriously injured and her infant son was killed on December 19, 1976, when Charles Edward Peters entered the Tsingaris residence and attacked the victims with a carving knife. Appellants did not file a claim within 100 days as required by Government Code section 911.2. After learning that Peters was a probationer, appellants retained counsel who filed a claim and an application for leave to present claim on June 28, 1977.

Appellants acknowledge that a petition for judicial relief from lateness in filing a claim calls for a discretionary determination by the court. The court is to grant relief where "The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity establishes that it would be prejudiced . . . ." (Gov. Code, § 946.6, subd. (c)(1).) ▪ Appellants contend that their ignorance of the claims statute and of the existence of possible causes of action against governmental entities should have been held to excuse compliance with the requirement that claims be timely filed. The contention cannot be sustained. Mere ignorance of the time limitation for filing a claim against a governmental entity is not so strong a showing of good cause for relief as to override the discretion of the trial court. (*Roberts* v. *State of California* (1974) 39 Cal.App.3d 844 [114 Cal.Rptr. 518].) Failure to discover the alleged basis of the cause of action in time is also not a compelling showing in the absence of reasonable diligence exercised for the purpose of discovering the facts. (*Black* v. *County of Los Angeles* (1970) 12 Cal.App.3d 670 [91 Cal.Rptr. 104].)

*Syzemore* v. *County of Sacramento* (1976) 55 Cal.App.3d 517, 524 [127 Cal.Rptr. 741], cited by appellant, does express as an alternative ground of decision the conclusion that it was an abuse of discretion, in a situation closely analogous to the present case, to deny relief to a layman "unlearned in the law, ignorant of the claim requirement and . . . unaware of the existence of a tenable cause of action." But the *Syzemore* holding does not discuss or even cite any of the decisions which establish that a compelling showing of excusable neglect is not made unless the claimant has used reasonable diligence for the purpose of discovering the facts. (See, e.g., *Black* v. *County of Los Angeles, supra,* 12 Cal.App.3d 670.) We must respectfully decline to follow the *Syzemore* holding, because it is inconsistent with governing authority. There is no evidence that appellants were misled by representations or actions attributable to respondents or that they made any effort whatever to discover earlier the facts which they belatedly assert as grounds for recovering damages from respondents. It was not an abuse of discretion to deny relief.

Appellants contend that Government Code section 911.2 as applied to them is an unconstitutional deprivation of equal protection. That contention is contrary to governing authority. (*Carr* v. *State of California* (1976) 58 Cal.App.3d 139, 142 [129 Cal.Rptr. 730].)

The order is affirmed.

Caldecott, P. J., concurred.

**DELUCCHI, J.*—**I respectfully dissent.

While mindful of the rule that relief from failure to file a claim as required by the Government Code is within the discretion of the trial judge (*Black* v. *County of Los Angeles* (1970) 12 Cal.App.3d 670, 674 [91 Cal.Rptr. 104]), we must also be cognizant of the principle that "denials of such relief by the trial court are scanned more carefully than cases where the court granted the relief, to the end that wherever possible cases may be heard on their merits, and any doubts which may exist should be resolved in favor of the application." (*Viles* v. *State of California* (1967) 66 Cal.2d 24, 29 [56 Cal.Rptr. 666, 423 P.2d 818].)

The unspeakably brutal attack by Peters against appellants took place on December 19, 1976. It is undisputed that appellants were unaware of Peters' relationship with respondents until June 7, 1977, when it was revealed at his murder trial not only that Peters was a probationer but that respondents had knowledge that he had violated the conditions of his probation. Appellants thereupon sought legal advice and, promptly after being advised that they had a tenable cause of action, submitted their petition for leave to file a late claim. This application was filed on June 28, 1977, some 93 days after the normal filing period expired.

As stated in *Black* v. *County of Los Angeles, supra,* 12 Cal.App.3d at pages 674-675: " 'The showing required of a petitioner seeking relief because of mistake, inadvertence, surprise or excusable neglect under section 912, subdivision (b)(1), of the Government Code is the same as required under section 473 of the Code of Civil Procedure for relieving a party from a default judgment. [Citation.]' (*Viles* v. *State of California,* 66 Cal.2d 24, 29 . . . ; *Tammen* v. *County of San Diego,* 66 Cal.2d 468, 475-476 . . . ; *Shaddox* v. *Melcher,* 270 Cal.App.2d 598, 600. . . .) . . . 'Excusable neglect is "that neglect which might have been the act of a

*Assigned by the Chairperson of the Judicial Council.

reasonably prudent person under the same circumstances." [Citation.]' (*Tammen* v. *County of San Diego,* 66 Cal.2d 468, 476 . . . .)" (Fn. omitted.)

The inquiry is therefore whether appellants' failure to discover the existence of a possible claim against respondents was reasonable and consistent with the actions of prudent persons under the same circumstances. (*Viles* v. *State of California, supra,* 66 Cal.2d 24, 31-32.)

The answer must be unquestionably in the affirmative. Appellants are Greek immigrants, John having arrived in this country at the age of 25 and Rita at age 18. They had no experience with litigation and were totally unfamiliar with the governmental claims statutes in California. Moreover, this is not the typical situation (e.g., auto accident) which would put a reasonably prudent person on notice that he might have a cause of action. Assuming, arguendo, that appellants could have found out during the aftermath of this attack that their assailant had been on probation, it would have been virtually impossible to discover that the conditions of his probation had been violated. (See Pen. Code, § 1203.5.)

The majority cites *Black* v. *County of Los Angeles, supra,* 12 Cal.App.3d 670, as requiring a strong showing of "reasonable diligence . . . for the purpose of discovering the facts" in order to justify relief. But that case must be seen in its proper perspective: plaintiff was involved in an automobile accident and promptly retained the services of an attorney. For nine months following the accident neither plaintiff nor her attorney bothered to obtain a copy of the Highway Patrol report which would have revealed the existence of a possible claim against the county, relying instead upon an inaccurate newspaper account of the accident. (12 Cal.App.3d at pp. 676-677.) Since the facts conclusively showed that plaintiff's counsel failed to exercise reasonable diligence, the court quite properly concluded that the conduct was not one of a *reasonably prudent person* under the circumstances. (*Id.,* at p. 677.) In the case at bar, there is a total lack of facts or circumstances which would prompt a reasonably prudent person to discover the existence of a cause of action against respondents within the 100-day period. The burden placed upon appellants by the majority is one they could not have possibly met under the facts of this case. The result is to frustrate the remedial purpose behind the relief statutes.

The majority also refuses to follow *Syzemore* v. *County of Sacramento* (1976) 55 Cal.App.3d 517 [127 Cal.Rptr. 741] on the ground that it does

not deal with cases establishing that a "compelling showing" of excusable neglect is necessary. This standard is not supported by case law. As the court held in *Syzemore,* statutes such as Government Code section 946.6 were designed "to prevent the claim statutes from serving as a trap for laymen, unlearned in the law, ignorant of the claim requirement and, as here, unaware of the existence of a tenable cause of action." (*Id.,* at p. 524.) This language is not, as the majority suggests, an unwarranted extension of the rule, but a reiteration of the same principles articulated by the California Supreme Court more than a decade ago.[1]

I believe that the neglect involved herein was clearly excusable and of the type foreseen by the Legislature in enacting Government Code section 946.6. There is also no showing of any alleged prejudice by the state.

For the above reasons, I would reverse the judgment with directions to grant appellants' petition.

A petition for a rehearing was denied April 18, 1979. Delucchi, J.,* was of the opinion that the petition should be granted. Appellants' petition for a hearing by the Supreme Court was denied May 30, 1979. Bird, C. J., and Mosk, J., were of the opinion that the petition should be granted.

---

[1] In *Viles* v. *State of California, supra,* 66 Cal.2d 24, 30-31, the court observed: "No doubt influenced by the Law Revision Commission's warning that the inflexible time limits of the claims statutes provided 'a trap for the unwary and ignorant claimant' (see 4 Cal. Law Revision Com. Rep., *supra,* p. 1009) the Legislature intended to alleviate the harshness of strict compliance with the claims presentation period by not only minors and disabled persons but also those who were excusably neglectful. . . . As the court remarked in *Hobbs* v. *Northeast Sacramento County Sanitation Dist.,* 240 Cal.App.2d 552, 556 . . . : 'The 1963 legislation is remedial and should be liberally construed. Both the courts and Legislature have recognized that the labyrinth of claims statutes previously scattered throughout our statutes were traps for the unwary. [Citations.] An attempt has been made by the Legislature to remove such snares. Courts should not rebuild them by a too narrow interpretation of the new enactments.' "

*Assigned by the Chairperson of the Judicial Council.