[Civ. No. 18931. Third Dist. May 6, 1980.]

COUNTY OF SACRAMENTO, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
MICHAEL CHARLES HARDY, Real Party in Interest.

---

COUNSEL

Bailey, Lea & Brown and David I. Brown for Petitioner.

No appearance for Respondent.

Daniel J. Sullivan for Real Party in Interest.

---

OPINION

**EVANS, J.**—Petitioner, County of Sacramento, seeks a writ of mandate to compel the respondent superior court to vacate its order relieving real party in interest (Hardy) from the claim-filing requirements of the California Tort Claims Act. (Gov. Code, § 911.2.)[1]

On March 3, 1978, Hardy was involved in an automobile accident in Sacramento in which he was injured and Cathey Lynn Corrie and her four-month-old daughter were killed. As a result of the accident, felony manslaughter and felony drunk driving charges were filed against Hardy. During the criminal proceedings, Hardy was represented by counsel, and on November 13, 1978, he entered a plea of nolo contendere to the charge of felony drunk driving.

On February 5, 1979, Hardy filed an application for permission to file a late claim against the County of Sacramento which was denied. On April 16, 1979, he filed a petition for judicial relief (Gov. Code, § 946.6, subd. (c)(1)) from the claim-filing requirement which was granted by the respondent court.

██ Compliance with the governmental claims statutes is mandatory (*City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 454 [115

---

[1]All code references henceforth are to the Government Code.

Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223]; *Farrell* v. *County of Placer* (1944) 23 Cal.2d 624, 630 [145 P.2d 570, 153 A.L.R. 323]); and failure to follow the statutory requirements is fatal to the cause of action against the public entity. (*City of San Jose* v. *Superior Court, supra,* 12 Cal.3d at p. 449.) The claim-filing requirement and the predicates for relief from those requirements were succinctly stated by this court in *El Dorado Irrigation Dist.* v. *Superior Court* (1979) 98 Cal. App.3d 57 [159 Cal.Rptr. 267].

■ "Section 911.2 requires that a claim relating to personal injury must be presented to a public entity within 100 days following accrual of the cause of action. When such a claim has not been timely presented, section 911.4 permits written application to the public entity for leave to file a late claim. And if the public entity denies such an application, section 946.6, subdivision (c)(1), authorizes a petition to the superior court for relief from the filing requirement, such relief to be granted 'if the court finds that the application. . .under Section 911.4 was *made within a reasonable time* not to exceed [one year after the accrual of the cause of action]. . .*and* that. . .the failure to present the claim was *through mistake, inadvertence, surprise or excusable neglect.* . . .' (Italics added.) Correlatively, section 911.4, subdivision (b), requires that '[t]he application shall be presented to the public entity. . .*within a reasonable time* not to exceed one year after the accrual of the cause of action. . . .' (Italics added.)

"Thus a court does not relieve a potential plaintiff of the claim requirements of section 945.4, as a matter of course; he must first demonstrate two essentials by a preponderence of the evidence (*Shaddox* v. *Melcher* (1969) 270 Cal.App.2d 598, 601 [76 Cal.Rptr. 80]); first, that the section 911.4 application was presented within a reasonable time, *and* second, that the failure to file a timely claim was due to mistake, inadvertence, surprise or excusable neglect. (*Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 474 [58 Cal.Rptr. 249, 426 P.2d 753].) The 'mistake, inadvertence, surprise or excusable neglect' concept is expressly directed to the 100-day period of section 911.2 and not to the 'reasonable time not to exceed [one year]' period of sections 911.4 and 946.6. 'The showing required of a petitioner seeking relief under the authority of Government Code, section 946.6 on the grounds of mistake, inadvertence, surprise or excusable neglect is the same as required under section 473 of the Code of Civil Procedure for relieving a party from a default judgment.' (*Flores* v. *Board of Supervisors*

(1970) 13 Cal.App.3d 480, 483 [91 Cal.Rptr. 717, 55 A.L.R.3d 925].)" (Fn. omitted. *Id.,* at pp. 61-62.)

The judicial grant of a petition for relief carries an implication that the requirements of section 946.6 were met. ■ We fail to find any evidence presented of a legally cognizable mistake, inadvertence, surprise or excusable neglect in connection with real party in interest's failure to act within 100 days.

The mistake asserted by Hardy is that he was ". . . mistaken in determining exactly what impact filing a claim against the City [*sic*] for civil damages would have . . . ." and his attorney's "mistaken" belief that filing the claim might adversely affect his negotiations with the district attorney regarding the criminal charges against him. It has been held that, under certain circumstances, a claimant's mistaken belief as to the existence (*Syzemore* v. *County of Sacramento* (1976) 55 Cal.App.3d 517 [127 Cal.Rptr. 741]), or applicability of the claims statutes (*Viles* v. *State of California* (1967) 66 Cal.2d 24 [56 Cal.Rptr. 666, 423 P.2d 818]), or even mere forgetfulness on the part of claimant's attorney (*Flores* v. *Board of Supervisors* (1970) 13 Cal.App.3d 480 [91 Cal. Rptr. 717, 55 A.L.R.3d 925]), may be considered adequate mistakes to justify relief under section 946.6, subdivision (c)(1). However, in those instances, the failure to timely file was not deliberate. Hardy *intentionally* chose not to file.

A deliberate decision not to comply with the claims statutes cannot be considered "mistake, inadvertence, surprise or excusable neglect." The so-called "mistake" here asserted related to his criminal trial strategy and was not concerned with the claims statutes. Under the circumstances his conduct was beyond the scope of the remedial statute.

"[U]ncontradicted evidence that a mistake was made is not sufficient absent a substantial showing that the true facts could not have been ascertained through the exercise of reasonable diligence and that the mistake was the actual cause of the failure to comply with the 100-day requirement." (*Black* v. *County of Los Angeles* (1970) 12 Cal.App.3d 670, 676 [91 Cal.Rptr. 104].) In this case, there is no discernible reason for Hardy's counsel's belief that the filing of a claim against the public entity would adversely affect his negotiations with the district attorney. His claim that the mistake was based on a "reasonable determination that any complications interjected into the criminal proceeding would only jeopardize his clients [*sic*] chances of receiving the best outcome in

the criminal matter" is the same type of conclusionary, self-serving statement found to be totally inadequate in *El Dorado Irrigation Dist. v. Superior Court, supra*, 98 Cal.App.3d 57.

Furthermore, real party has not presented any reasons for the three-month delay following his plea of nolo contendere before filing the application for a late claim. Once his plea was entered, there was no "strategic" grounds upon which any further delay could be justified. In light of Hardy's stated awareness of and previous disregard of the claims-filing statutes, his additional three-month delay was inexcusable.[2] (See *Hasty* v. *County of Los Angeles* (1976) 61 Cal.App.3d 623, 626 [131 Cal.Rptr. 347].

Thus, the trial court was not presented with any evidence upon which to base its grant of judicial relief requested. "It is not the purpose of remedial statutes to grant relief from defaults which are the result of inexcusable neglect of parties or their attorneys...." (*Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 478 [58 Cal.Rptr. 249, 426 P.2d 753].)

The fact that a liberal interpretation is to be given section 946.6 (see *Viles* v. *State of California, supra*, 66 Cal.2d at p. 31) does not aid a claimant who fails to overcome its express limitations. (*El Dorado Irrigation Dist.* v. *Superior Court, supra*, 98 Cal.App.3d at p. 63.)

Let a peremptory writ of mandate issue directing the trial court to set aside its order granting relief and to deny the application. The order to show cause, having served its purpose, is discharged.

Puglia, P. J., and Blease, J., concurred.

---

[2]Inasmuch as Hardy has failed to establish that his noncompliance with the claims statutes was due to excusable mistake, inadvertence, surprise, or neglect, or that his claim was filed within a reasonable time, there is no burden on petitioner to demonstrate that it was prejudiced by the delay. (*Hasty* v. *County of Los Angeles, supra*, 61 Cal.App.3d at p. 627.)