[No. A018319. First Dist., Div. Four. Apr. 30, 1985.]

RICHARD D. HARRISON, Plaintiff and Appellant, v.
COUNTY OF DEL NORTE et al., Defendants and Respondents.

4

**COUNSEL**

Allan I. Shatkin, William C. Gordon and Gordon & Ropers for Plaintiff and Appellant.

Paul A. Brisso, Mitchell, Dedekam, & Angell, Robert F. Carlson, Robert J. Defea, Francis A. McEnaney, John F. Donovan, Robert R. Buell and Kenneth G. Nellis for Defendants and Respondents.

**OPINION**

**CHANNELL, J.**—Richard D. Harrison appeals from an order of the Superior Court of Del Norte County denying him relief from the claim presentation requirement of Government Code section 945.4.[1]

---

[1] All statutory references are to the Government Code unless otherwise noted.

Appellant was injured while working on a county road project managed by a state-supplied engineer. Appellant failed to file claims with either respondent State of California or respondent County of Del Norte within 100 days, as required by section 911.2. Both public entities denied appellant's applications for leave to file late claims. The trial court denied appellant's petition, pursuant to section 946.6, for relief from the claims filing requirement. Timely notice of appeal was filed.

Appellant raises several issues relating to the propriety of the trial court's denial of his petition for relief: 1) whether the trial court improperly found that appellant's failure to file claims within 100 days was not due to mistake, inadvertence, surprise or excusable neglect; 2) whether the trial court improperly found that appellant was not precluded from filing timely claims by physical incapacity; 3) whether respondents failed to follow the requisite procedure in denying the request for relief from the claims presentation requirements, thereby prejudicing appellant; and 4) whether sections 911.2 and 911.6 are unconstitutional.

For the reasons set forth below, we find the denial of appellant's petition for relief from the claims presentation requirement was a proper exercise of the trial court's discretion. In addition, we find sections 911.2 and 911.6 constitutional.

*Facts*

Appellant's petition and supporting documents show the following: He was injured on August 6, 1981, when a water pump he was repairing while working on a county road project exploded. No claim was filed with either respondent within the 100-day period prescribed by section 911.2. A claim was eventually filed on February 2, 1982, 90 days late.

Appellant contends that he failed to file timely claims because he was an unsophisticated layman unschooled in legal matters who was unaware that he had causes of action against public entities. He thought his only remedy was workers' compensation. Appellant was hospitalized three times following the accident and spent the remainder of his recuperation period at home, unable to attend to his business affairs. Appellant's physician forbid his return to work during that period.

Appellant's attorney's declaration reveals that appellant did not contact him until after he was fired from his job, more than 100 days after the accrual of the cause of action.

Respondents introduced evidence that during the 100-day period following the accident, appellant was able to begin walking, exercising and driving. Appellant visited his workplace several times and worked on a house

he was remodeling. About two and one-half months after the accident, appellant met some friends in Idaho for a week-long deer hunting expedition, and did some road hunting.

Respondents also presented evidence tending to show appellant has some business and legal experience. Appellant supervised nine to ten men, and reported any injuries to the office. He was responsible for the heavy equipment and had authority to make purchases. In addition, appellant formed a partnership, later converted to a corporation, which developed and sold a mobilehome park and a recreational vehicle park. He and his brother also owned and operated two dump trucks.

*Excusable Neglect*

■ Appellant contends that the trial court erred in refusing to relieve him from the provisions of section 945.4,[2] because his failure to file claims against the public entities was through "mistake, inadvertence, surprise or excusable neglect." We find this contention without merit.

■ Sections 911.6[3] and 946.6, subdivision (c)[4] provide relief for late claimants who file their claims against a public entity beyond the 100-day period, if filed within a reasonable time not to exceed one year after the accrual of the cause of action, where the claimants established by a preponderance of the evidence that failure to present their claim on time was through mistake, inadvertence, surprise or excusable neglect. (*Segal* v. *Southern California Rapid Transit Dist.* (1970) 12 Cal.App.3d 509, 511-512 [90 Cal.Rptr. 720].) The showing required of a petitioner seeking relief in filing a late claim on these grounds is the same as that required by Code of Civil Procedure section 473 for relieving a party from default judgment. (*Viles* v. *State of California* (1967) 66 Cal.2d 24, 29 [56 Cal.Rptr. 666, 423 P.2d 818].) "The granting or denial of a petition for relief under section 946.6 rests within the discretion of the trial court and its determination will

---

[2]Section 945.4 requires that a written claim be filed with a public entity and acted upon or deemed rejected by the board before suit may be brought against that public entity.

[3]Under section 911.6 relief is granted by the board as follows: "[¶] (b) The board shall grant the application where: [¶] (1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudiced by the failure to present the claim within the time specified in Section 911.2; . . ."

[4]Under section 946.6, subdivision (c), the superior court grants relief as follows: "[¶] (c) The court shall relieve the petitioner from the provisions of Section 945.4 if the court finds that the application to the board under Section 911.4 was made within a reasonable time not to exceed [one year after the accrual of the cause of action] and was denied or deemed denied pursuant to Section 911.6 and that: [¶] (1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity establishes that it would be prejudiced if the court relieves the petitioner from the provisions of Section 945.4; . . ."

not be disturbed on appeal except for abuse of that discretion. [Citations.] It is true that an appellate court more carefully scans the denial than the allowance of such relief to the end that wherever possible cases may be heard on their merits. [Citation.] Nevertheless, we cannot arbitrarily substitute our judgment for that of the trial court. [Citation.] 'Unless, ultimately, each case of this nature is to be decided by the Court of Appeal as if no trial court had ever acted on the petition, we must be careful to preserve the area of the superior court's discretion, and we must do this in fact, as well as in words.'" [Citation.] (*Shank* v. *County of Los Angeles* (1983) 139 Cal.App.3d 152, 156 [188 Cal.Rptr. 644].)

■ Excusable neglect is neglect which might have been the act or omission of a reasonably prudent person under the same or similar circumstances. (*Ebersol* v. *Cowan* (1983) 35 Cal.3d 427, 435 [197 Cal.Rptr. 601, 673 P.2d 271].) ■ Not every mistake of law is excusable. (*Viles* v. *State of California, supra,* 66 Cal.2d at p. 29.) To determine whether a person is entitled to relief for a mistake of law, the controlling factor is the reasonableness of the misconception of the law under the circumstances of the particular case. (*Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 479 [58 Cal.Rptr. 249, 426 P.2d 753].)

■ Generally, the mere ignorance of the time limitation for filing against a public entity is not a sufficient ground for allowing a late claim. (*Martin* v. *City of Madera* (1968) 265 Cal.App.2d 76, 79 [70 Cal.Rptr. 908].) Moreover, ignorance of the possible cause of action against the public entity is insufficient to constitute excusable neglect. "Failure to discover the alleged basis of the cause of action in time is also not a compelling showing in the absence of reasonable diligence exercised for the purpose of discovering the facts." (*Tsingaris* v. *State of California* (1979) 91 Cal.App.3d 312, 314 [154 Cal.Rptr. 135]; see also *El Dorado Irrigation Dist.* v. *Superior Court* (1979) 98 Cal.App.3d 57 [159 Cal.Rptr. 267].)[5]

■ The dissent, relying on a footnote in *Ebersol* v. *Cowan, supra,* 35 Cal.3d at page 438, footnote 14, states that where a petitioner is legally unrepresented during the 100 days' presentation period, the unavailability of an alternative remedy (i.e., an action for malpractice) requires the reviewing court to "examine with even greater scrutiny" a denial of relief

---

[5]Appellant seeks solace in *Syzemore* v. *County of Sacramento* (1976) 55 Cal.App.3d 517, 524 [127 Cal.Rptr. 741], which concludes that it was abuse of discretion for the trial court to deny relief to a layman "unlearned in the law, ignorant of the claim requirement and . . . unaware of the existence of a tenable cause of action." Appellant cites four cases which seemingly follow *Syzemore*; however, in each case, *Syzemore* is cited only as dicta. (See *Rivera* v. *City of Carson* (1981) 117 Cal.App.3d 718 [173 Cal.Rptr. 4]; *County of Sacramento* v. *Superior Court* (1980) 105 Cal.App.3d 898 [164 Cal.Rptr. 724]; *State of California* v. *Superior Court* (1978) 86 Cal.App.3d 475 [150 Cal.Rptr. 308]; and *Tuolumne Air Service, Inc.* v. *Turlock Irrigation Dist.* (1978) 87 Cal.App.3d 248 [150 Cal.Rptr. 809].) We respectfully decline to follow the *Syzemore* decision, because it is inconsistent with governing authority. (See *Ebersol* v. *Cowan, supra,* 35 Cal.3d 427.)

from the claims presentation requirement. (Dis. opn., *post,* at p. 11.) But the Supreme Court went on to emphasize that "to obtain relief under section 946.6 on the basis of excusable neglect, the claimant must *at a minimum make a diligent effort to obtain legal counsel* within 100 days after the accrual of the cause of action." (*Ebersol* v. *Cowan, supra,* at p. 439.)(Italics added.) In *Ebersol,* the petitioner sought legal advice on the day of her injury and contacted nine attorneys in all before finding one who would represent her. (See *id.,* at pp. 432-433.) ■ In this case, appellant took no steps whatsoever to obtain counsel until after the 100-day period had expired. Even if appellant was unaware of potential causes of action and of the claim presentation requirements, as stated in *Tammen* v. *County of San Diego, supra,* 66 Cal.2d at page 478, "[I]t stretches one's credulity to believe that this information could not have been ascertained through the exercise of reasonable diligence . . . ." We therefore hold that the trial court did not abuse its discretion in finding that appellant's neglect in failing to timely file claims with the public entities was inexcusable.

*Physical Incapacity*

■ Appellant contends that the trial court's denial of his petition for relief from the claim presentation requirements was based on the erroneous finding that appellant was not physically incapacitated. We reject this contention.

■ Section 946.6, subdivision (c)(3) permits a petitioner relief from the claim filing requirements upon a finding by the court that he was "physically or mentally incapacitated *during all of the time* specified in Section 911.2 for the presentation of the claim and by reason of such disability failed to present a claim during such time; . . ." (Italics added.) Subdivision (e) provides that the court "shall make an independent determination upon the petition" and that the determination "shall be made upon the basis of the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition."

■ Neither appellant's petition nor his supporting declarations explicitly stated that relief was sought on the ground of physical incapacity. Appellant's supporting memorandum of points and authorities similarly failed to argue that relief was warranted because of physical incapacity. Accordingly, we find that appellant failed to adequately plead physical incapacity as a ground for relief from the claims presentation requirement.

Assuming arguendo that appellant properly alleged physical incapacity as a ground for relief, the trial court committed no error. The court's ruling stated that "physical incapacity was not alleged in the claims. . . . However, . . . the record of Petitioner's activities makes it clear that Petitioner

was not incapacitated for a sufficient period so as to be able to rely on this ground." We find ample evidence to support this ruling.

In *Martin* v. *City of Madera, supra,* 265 Cal.App.2d 76, the court upheld the trial court's exercise of discretion in denying a petition based on a claim of physical incapacity. "[A]s a business man, plaintiff was presumably accustomed to dealing with numerous business details including legal and similar matters. Yet he did not even call a lawyer to inquire about his rights until July 1966 even though he spent considerable time attending to other vexing business details. Had he consulted a lawyer (even by telephone) it would have been a relatively simple matter for the lawyer to protect plaintiff's rights without involving him in troublesome litigation until he was physically capable to cope . . . ." (*Id.,* at p. 81.) The court went on to find affidavits filed by plaintiff's two physicians unpersuasive because vague and noncomprehensive. (*Ibid.*)

In this case, appellant's declaration contained only general averments that he was physically incapacitated during the 100 days following his accident, unsupported by any physicians' affidavits. The trial court did not abuse its discretion in finding that appellant was able to attend to his business affairs, at least to the extent of contacting an attorney, and that his failure to present a claim was not due to physical incapacity.

*Respondent's Compliance With Procedure for
Denying Late Claims Applications*

Appellant contends that his petition should be granted because of alleged deficiencies in respondents' handling of the applications to file late claims. In particular, appellant argues that the provisions of section 911.6 are mandatory and that respondents are required to state reasons for denying the applications.[6]

Although section 911.6, subdivision (b) provides that "the board shall grant the application" where failure to present a timely claim meets the requisites of the subdivision, the section does not require that the board hold a hearing on the merits of the application or make specific findings to support its denial of the application. The purpose of allowing applications for leave to file late claims is to give the public entity an opportunity to examine petitioners' reasons for not filing timely claims and to allow the public entity to grant the applications where the reasons are meritorious, thereby eliminating unnecessary litigation. (See 4 Cal. Law Revision Com. Rep. (1963)

---

[6]Appellant also contends that respondents were required to serve notice of insufficiency of the claims pursuant to section 910.8. We find this section inapplicable to the case at hand, because by its terms, section 910.8 requires notice of insufficiency of *claims,* rather than notice of insufficiency of *applications to file late claims.*

pp. 1001, 1010.) A statement of reasons would serve no purpose because section 946.6 requires a hearing de novo in the trial court.

In this case, by denying appellant's application for leave to file late claims, respondents necessarily found appellant's reasons for failing to timely present the claims were inconsistent with the provisions of section 911.6. We therefore hold that respondents complied with section 911.6.

### Constitutionality of Sections 911.2 and 911.4

We find no merit in appellant's contention that sections 911.2 and 911.6 are unconstitutional. It has been held to the contrary in *Whitfield* v. *Roth* (1974) 10 Cal.3d 874, 889, footnote 20 [112 Cal.Rptr. 540, 519 P.2d 588], *Tammen* v. *County of San Diego, supra,* 66 Cal.2d 468, 481, and *Dias* v. *Eden Township Hospital Dist.* (1962) 57 Cal.2d 502, 504 [20 Cal.Rptr. 630, 370 P.2d 334]. We are bound by these holdings. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

The judgment is affirmed.

Sabraw, J., concurred.

**POCHÉ, Acting P. J.**—I respectfully dissent.

On August 6, 1981, petitioner was employed by North Coast Paving and Rock, which was a subcontractor on a road repair project for Del Norte County. On that day he was severely burned when a portable water pump, owned and supplied by North Coast, exploded. North Coast informed petitioner that he had a workers' compensation claim. A sign posted at the job site directed employees to submit all on-the-job injuries to North Coast's compensation carrier.

During the four months following the accident, petitioner was hospitalized three times and also underwent extensive outpatient treatment for his injuries. Within a month of the accident, during his initial month-long hospitalization at the Burn Center of the St. Francis Memorial Hospital, petitioner directed his wife to file an application for workers' compensation benefits arising out of the accident.

In mid-December 1981, petitioner was fired from his job with North Coast. He thereupon consulted attorneys. After an investigation, the attorneys on February 12, 1982, 190 days after the date of petitioner's injury, filed an application on petitioner's behalf for leave to file a late claim. (Gov.

Code, § 911.4.)[1] The application was denied, as was petitioner's subsequent section 946.6 petition to the superior court for an order relieving him from the claim-filing requirement of section 911.2.

As grounds for relief below, petitioner asserted that he was unaware that he had a cause of action against respondents and that he believed that his sole remedy was workers' compensation. The trial court ruled that he had not shown the mistake, inadvertence, surprise or excusable neglect required by statute (§ 946.6, subd. (c)(1)).

In *Ebersol* v. *Cowan* (1983) 35 Cal.3d 427 [197 Cal.Rptr. 601, 673 P.2d 271], our Supreme Court reiterated the principles applicable to review of the lower court's order. "The determination of the trial court in granting or denying a petition for relief under section 946.6 will not be disturbed on appeal except for an abuse of discretion. [Citation.] Abuse of discretion is shown where uncontradicted evidence or affidavits of the petitioner establish adequate cause for relief. [Citation.] [¶] Section 946.6 is a remedial statute intended to provide relief from technical rules which otherwise provide a trap for the unwary claimant. [Citation.] The remedial policies underlying the statute are 'that wherever possible cases be heard on their merits, and any doubts which may exist should be resolved in favor of the application.' [Citation.] Thus, '[a]n appellate court will be more rigorous in examining the denial of such relief than its allowance.' [Citation.]" (35 Cal.3d at p. 435.) Moreover, where the petitioner was legally unrepresented during the 100 days' presentation period (see § 911.2), the unavailability of an alternate remedy (i.e., an action for legal malpractice) requires that the reviewing court "examine with even greater scrutiny" the denial of relief from the claim-presentation requirement. (35 Cal.3d at p. 438, fn. 14.)

In denying appellant relief, the trial court relied on *El Dorado Irrigation Dist.* v. *Superior Court* (1979) 98 Cal.App.3d 57 [159 Cal.Rptr. 267], and *Tsingaris* v. *State of California* (1979) 91 Cal.App.3d 312 [154 Cal.Rptr. 135], also cited by the majority. Neither case is dispositive.

In *El Dorado Irrigation Dist.* the petitioner, a construction worker, was injured on the job. Not until he engaged an attorney for the purpose of filing a workers' compensation claim did he learn that he had a cause of action against the irrigation district. Reversing the trial court's order granting relief, the reviewing court did not address the reasonableness of the petitioner's ignorance of his third-party claim. The court held only that there was no evidentiary basis for the trial court's determination that the petitioner's ignorance of the "claim-filing requirements" was reasonable (98 Cal.App.3d at p. 62), and that, furthermore, "a mere lack of knowledge of the claim-filing requirements and its time limitation is insufficient" (*ibid.*).

---

[1] All further statutory references are to the Government Code unless otherwise indicated.

In *Tsingaris* v. *State of California, supra,* petitioner was injured and her daughter killed by a knife-wielding intruder. Only at the murder trial did the petitioner learn that the intruder was a probationer who was known by the state to be in violation of probation. On appeal from the trial court's denial of relief, the reviewing court affirmed. Citing *Black* v. *County of Los Angeles* (1970) 12 Cal.App.3d 670 [91 Cal.Rptr. 104], the court held that "[f]ailure to discover the alleged basis of the cause of action in time is . . . not a compelling showing in the absence of reasonable diligence exercised for the purpose of discovering the facts." (91 Cal.App.3d at p. 314.) *Black,* however, as the *Tsangaris* dissent observed (*id.,* at p. 316), relates to the negligence of an *attorney* in failing to discover the operative facts of his client's automobile accident. (12 Cal.App.3d at p. 676.) The case has no bearing on a layman's failure to realize that the circumstances of his injury give him a cause of action against a third-party public entity. Moreover, as the Supreme Court has emphasized, cases involving the neglect of attorneys must be distinguished from cases involving unrepresented clients. (*Ebersol* v. *Cowan, supra,* 35 Cal.3d at p. 438, fn. 14; *Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 479 [58 Cal.Rptr. 249, 426 P.2d 753].)

"[T]he showing required for relief under section 946.6 because of mistake, inadvertence, surprise or excusable neglect is the same as required under Code of Civil Procedure section 473 for relieving a party from a default judgment [citations]. . . . Excusable neglect is neglect that might have been the act or omission of a reasonably prudent person under the same or similar circumstances. [Citation.]" (*Ebersol* v. *Cowan, supra,* 35 Cal.3d at p. 435.) A "mistake of law" is a mistake occurring " 'when a person knows the facts as they really are but has a mistaken belief as to the legal consequences of those facts.' " (*Moore* v. *State of California* (1984) 157 Cal.App.3d 715, 722 [203 Cal.Rptr. 847].) Not every mistake of law is excusable, but "an honest mistake is excusable, the determining factor being the reasonableness of the misconception [citations]." (*Viles* v. *State of California* (1967) 66 Cal.2d 24, 29 [56 Cal.Rptr. 666, 423 P.2d 818].) Thus, a mistake of law "may be excusable when made by a layman but not when made by an attorney." (*Tammen* v. *County of San Diego, supra,* 66 Cal.2d at p. 479.)

In the present case, based on information provided by his employer, petitioner reasonably believed that his sole remedy was a claim for workers' compensation benefits. He acted diligently to pursue that remedy. In so doing he had no occasion nor any reason to seek legal advice, from which he might have learned of the third-party claim against respondents. As the Supreme Court has stated in a related context: "The workmen's compensation system, after all, was intended to afford a simple and nontechnical path to relief. [Citations.] The system affords means by which an employee may learn about his rights informally and without an attorney. [Citation.]" (*Elkins* v. *Derby* (1974) 12 Cal.3d 410, 419 [115 Cal.Rptr. 641, 525 P.2d

81, 71 A.L.R.3d 839] [statute of limitations on tort remedy tolled during pendency of compensation claim].) Petitioner's misconception about the exclusiveness of his workers' compensation remedy, and his consequent failure to timely discover a possible claim against respondents, was in the circumstances reasonable and consistent with the actions of a prudent person. (See *Ebersol* v. *Cowan, supra,* 12 Cal.3d at p. 439; *Viles* v. *State of California, supra,* 66 Cal.2d at pp. 29-30; cf. *Kaslavage* v. *West Kern County Water Dist.* (1978) 84 Cal.App.3d 529, 536 [148 Cal.Rptr. 729] [investigator's insufficient investigation].) Petitioner thus established by his uncontradicted evidence that his failure to comply with the claim-filing requirements was the result of mistake and excusable neglect. (§ 946.6, subd. (c)(1).)

Because petitioner's application to file a late claim (§ 911.4) was made less than two months after he learned of his cause of action and little more than six months after its accrual, he satisfied the additional requirement for relief that the application be filed within a reasonable time not to exceed one year. (§ 946.6, subd. (c); see *Ebersol* v. *Cowan, supra,* 35 Cal.3d at p. 440; *Viles* v. *State of California, supra,* 66 Cal.2d at p. 32.)

I believe, therefore, that denial of petitioner's application for relief was in the circumstances an abuse of discretion, particularly since respondents failed to assert or show any prejudice from the delay.[2] (See *Kaslavage* v. *West Kern County Water Dist., supra,* 84 Cal.App.3d at p. 538; *Syzemore* v. *County of Sacramento* (1976) 55 Cal.App.3d 517, 524 [127 Cal.Rptr. 714]; *Segal* v. *Southern California Rapid Transit Dist.* (1970) 12 Cal.App.3d 509, 512 [90 Cal.Rptr. 720]; see generally Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar 1980) § 5.51, at p. 517.)

For the above reasons, I would reverse the judgment with directions to enter an order granting the petition. (*Moore* v. *State of California, supra,* 157 Cal.App.3d at pp. 726-728.)

A petition for a rehearing was denied May 30, 1985, and the opinion was modified to read as printed above. Poché, Acting P. J., was of the opinion that the petition should be granted. Appellant's petition for review by the Supreme Court was denied August 19, 1985. Bird, C. J., Mosk, J., and Reynoso, J., were of the opinion that the petition should be granted.

---

[2]Although the public entity is not required to show prejudice until after the petitioner has established grounds for relief (*Tammen* v. *County of San Diego, supra,* 66 Cal.2d at p. 478; *Rivera* v. *City of Carson* (1981) 117 Cal.App.3d 718, 726 [173 Cal.Rptr. 4]), this does not mean that it need not in the first instance assert prejudice in opposition to the application for relief. (See § 946.6, subd. (e); *Moore* v. *State of California, supra,* 157 Cal.App.3d at p. 727.)