Filed 9/19/22  Solarzano v. Zweig CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| PATRICIA SOLARZANO et al., | B309953 |
| Plaintiffs and Appellants, | Los Angeles County |
| v. | Super. Ct. No. 19AVCV00910 |
| STEPHAN ZWEIG et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Brian C. Yep, Judge. Affirmed.

Law Offices of Ashton Watkins and Ashton R. Watkins for Plaintiffs and Appellants.

Schuler & Brown, Jack Schuler; Pollak, Vida & Barer, Daniel P. Barer, and Hamed Amiri Ghaemmaghami for Defendant and Respondent County of Los Angeles.

# INTRODUCTION

Patricia Solarzano and Mike Kelly (collectively, plaintiffs) appeal from the order denying their petition under Government Code[1] section 946.6, in which they sought relief from the requirement that they timely file claims with the County of Los Angeles (County) prior to bringing a suit for damages. We conclude that the trial court did not abuse its discretion in denying the petition and affirm the order.

# BACKGROUND

In October 2018, Solarzano consulted with Dr. Stephan Zweig at a County facility, High Desert Regional Health Center, about a hernia procedure. Zweig is or was a County employee. On December 19, 2018, Zweig performed Solarzano's hernia surgery at High Desert Regional Health Center; there are no notes of any complications. The following day, Zweig performed post-surgical care for Solarzano and did not indicate any complications during or after the procedure. On December 28, 2018, however, Solarzano was rushed to Antelope Valley Hospital for emergency treatment and she has been in and out of the hospital ever since. Solarzano and Kelly are married to each other "and enjoyed consortium and conjugal rights" before December 2018.

In October 2019, plaintiffs filed separate government tort claims with the County for damages alleging injuries arising out of Solarzano's hernia surgery. Specifically, plaintiffs alleged that Zweig breached the standard of care in providing medical services to Solarzano and her resulting injuries have negatively affected her relationship with Kelly. Because the claims were

_____

[1] All undesignated statutory references are to the Government Code.

2

"not presented within six months after the event or occurrence as required by law[,]" the County denied the claims on November 6, 2019.

On December 18, 2019, plaintiffs sued Zweig and High Desert Regional Health Center for negligence and loss of consortium.[2] A few days later, plaintiffs separately applied to the County for leave to present late claims under section 911.4. Plaintiffs alleged "[t]he reason for the delay in presenting the amended [*sic*] claim is due to mistake, surprise, inadvertence, and/or excusable neglect." They explained that they "did not initially suspect malpractice or wrongdoing." Further, plaintiffs alleged that "Solorzano was also physically incapacitated during most of the period when the claim should have been investigated and presented." Solarzano and Kelly each retained an attorney in August 2019 when they "first began to suspect malpractice or wrongdoing. Patricia Solorzano discovered that she would need additional medical care to fix the problems caused by High Desert Regional Health [Center] and Dr. Stephan Zweig." The County denied the applications to present late claims on January 17, 2020.

On July 17, 2020, plaintiffs petitioned the trial court for an order under section 946.6 relieving them of the requirement of presenting a timely government claim. In the petition, they asserted they were entitled to relief based on mistake, inadvertence, surprise, or excusable neglect because they did not suspect and had no reason to suspect malpractice during the first

---

[2] The County asserted it was erroneously sued as High Desert Regional Health Center. Plaintiffs did not dispute that assertion. Zweig is not a party to this appeal.

3

nine months following Solarzano's hernia procedure. In addition, they asserted their "failure to present the claim was also through [Solarzano's] physical incapacity." Plaintiffs contended "Solorzano has been in and out of the hospital dealing with the complications arising from this procedure for nineteen months. She was in no condition to appreciate the gravity of her situation or whether Defendants had committed malpractice. She was physically incapacitated." The petition did not allege that Kelly was also incapacitated. In support of the petition, plaintiffs filed their declarations and the declaration of their attorney, Ashton Watkins. They did not, however, submit a physician's declaration, medical records, or any other evidence to corroborate plaintiffs' contention that Solarzano was physically incapacitated or had been in and out the hospital for nineteen months.

The County opposed plaintiffs' petition. Among other things, it argued that plaintiffs submitted no medical declarations and did not explain how Solarzano's purported incapacity prevented them from pursuing the matter or from retaining an attorney.

After holding a hearing on October 20, 2020,[3] and taking the matter under submission, the court issued a minute order denying the petition. On November 25, 2020, the court signed an order denying the petition. The court's order noted that the County was erroneously sued as High Desert Regional Health Center.

---

[3] Plaintiffs' trial counsel did not appear at the hearing.

Plaintiffs timely appeal from the order denying their petition.[4]

## DISCUSSION

### 1. The Government Claims Act and Relief from the Claim Presentation Requirement

The Government Claims Act (§ 810, et seq.) provides that no person may sue a public entity for money damages based on personal injury "unless he or she first presents a written claim to the entity within six months of the time [his or] her cause of action accrues, and the entity then denies the claim." (*S.M. v. Los Angeles Unified School Dist.* (2010) 184 Cal.App.4th 712, 717; §§ 911.2, 945.4.) A person who fails to file a timely claim must apply to the public entity for leave to present a late claim within one year after the accrual of the cause of action. (§ 911.4, subds. (a)–(b).) If the public entity denies the application to present a late claim (or it is deemed denied) (§ 911.6), the claimant may within six months of that denial petition the superior court for relief

---

[4] An order denying a petition under section 946.6 is appealable. (*Ebersol v. Cowan* (1983) 35 Cal.3d 427, 435, fn. 8.) Here, plaintiffs filed their notice of appeal from the court's November 19, 2020 minute order denying their petition and directing defendants to submit an order. We treat plaintiffs' premature notice of appeal as timely filed immediately after entry of the signed November 25, 2020 order denying the petition. (Cal. Rules of Court, rule 8.104(d).) To the extent plaintiffs also challenge the court's subsequent dismissal of the lawsuit, they forfeited that challenge by failing to provide us with an adequate record and any legal authority or cogent argument explaining why the court erred.

from the claim presentation requirement altogether under section 946.6, subdivisions (a) and (b).

Under section 946.6, subdivision (c), the court shall relieve the petitioner from the claim presentation requirement if the application for leave to present a late claim was filed with the public entity no later than one year after the cause of action accrued, and at least one of four further conditions is satisfied.[5] As relevant here, two of those conditions are that (1) the injured person was physically or mentally incapacitated during the six-month claim presentation period "and by reason of that disability failed to present a claim during that time" (§ 946.6, subd. (c)(3)), and (2) "[t]he failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect" (§ 946.6, subd. (c)(1)). (*Lincoln Unified School Dist. v. Superior Court* (2020) 45 Cal.App.5th 1079, 1089 (*Lincoln*).)

"Before a court may relieve a claimant from the statutory tort claim filing requirements, the claimant must demonstrate by a *preponderance of the evidence* both that the application to the public entity for leave to file a late claim was presented within a reasonable time *and* that the failure to file a timely claim was due to mistake, inadvertence, surprise or excusable neglect." (*Department of Water & Power v. Superior Court* (2000) 82 Cal.App.4th 1288, 1293 (*DWP*); *Tammen v. County of San Diego County* (1967) 66 Cal.2d 468, 474 (*Tammen*).)

---

[5] In 2021, after plaintiffs filed the notice of appeal, section 946.6 was amended to add additional grounds for relief, and to redesignate former subdivision (c)(3) as subdivision (c)(4), and redesignate former subdivision (c)(4) as subdivision (c)(6). The parties do not contend that the amendment affects this appeal. For convenience, we refer to the former subdivision numbers throughout this opinion.

We review the denial of a petition for relief under section 946.6 for abuse of discretion. (*Lincoln, supra*, 45 Cal.App.5th at p. 1089.) "Abuse of discretion is shown where uncontradicted evidence or affidavits of the plaintiff establish adequate cause for relief." (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1778.)

The underlying principle of section 946.6 is that whenever possible cases be heard on their merits, and any doubts which may exist should be resolved in favor of the application. (*Ebersol v. Cowan, supra*, 35 Cal.3d at p. 435.) We therefore review an order denying a petition under section 946.6 more rigorously than an order granting such a petition. (*Ibid.*)

## 2.    Basis for Relief

Plaintiffs contend that the court abused its discretion by denying their petition because they demonstrated by a preponderance of the evidence that the failure to present a timely claim was the result of mistake, inadvertence, surprise, or excusable neglect and Solarzano's physical incapacity.

To obtain relief under section 946.6, subdivision (c)(1), "[t]he mere recital of mistake, inadvertence, surprise or excusable neglect is not sufficient to warrant relief. Relief on grounds of mistake, inadvertence, surprise or excusable neglect is available only on a showing that the claimant's failure to timely present a claim was reasonable when tested by the objective 'reasonably prudent person' standard." *(DWP, supra*, 82 Cal.App.4th at p. 1293.) Under the reasonably prudent person standard, "[e]xcusable neglect is that neglect which might have been the act of a reasonably prudent person under the circumstances." (*Id.* at p. 1296.) When relief is sought based on mistake, because of the reasonably prudent person standard "it is not every mistake that

7

will excuse a default, the determining factor being the *reasonableness* of the misconception." (*Shank v. County of Los Angeles* (1983) 139 Cal.App.3d 152, 157, italics added.)

A showing of reasonable diligence is required to establish that the petitioner acted as a reasonably prudent person. When excusable neglect is claimed based on ignorance of a fact or failure to act on it, "[a] person seeking relief must show more than just failure to discover a fact until too late; or a simple failure to act. He [or she] must show by a preponderance of the evidence that in the use of reasonable diligence, he [or she] could not discover the fact or could not act upon it." (*DWP, supra*, 82 Cal.App.4th at p. 1296.) Similarly, when mistake is claimed, "[t]he party seeking relief based on a claim of mistake must establish he [or she] was diligent in investigating and pursuing the claim … ." (*Id.* at p. 1293.) Under this standard, " '[f]ailure to discover the alleged basis of the cause of action in time is … not a compelling showing in the absence of reasonable diligence exercised for the purpose of discovering the facts.' " (*Harrison v. County of Del Norte* (1985) 168 Cal.App.3d 1, 7 (*Harrison*).) Further, "the mere ignorance of the time limitation for filing against a public entity is not a sufficient ground for allowing a late claim." (*Ibid.*)

In most cases, a petitioner may not successfully argue excusable neglect when he or she fails to take any action in pursuit of the claim within the six-month period, including trying to retain counsel. (*People ex rel. Dept. of Transportation v. Superior Court* (2003) 105 Cal.App.4th 39, 44 (*Dept. of Transportation*).) In certain exceptional cases, however, excusable neglect may be found based on extreme instances of physical or mental disability, or on debilitating emotional trauma, even if the

8

petitioner failed to take any action whatsoever in the initial six-month period. (See, e.g., *Barragan v. County of Los Angeles* (2010) 184 Cal.App.4th 1373, 1385–1386 (*Barragan*) [trial court did not abuse its discretion in excusing late claim by petitioner who became quadriplegic from a car accident, and who for six months had to relearn life skills, could not sit up without assistance, and did not leave her bedroom]; *County of Santa Clara v. Superior Court* (1971) 4 Cal.3d 545, 552 [affirming trial court ruling excusing late claim by parents who were emotionally traumatized by their son's death in the middle of his own trial seeking damages for severe injuries suffered in a car accident].)

Under this line of cases, "[i]f a claimant can establish that physical and/or mental disability so limited the claimant's ability to function and seek out counsel such that the failure to seek counsel could itself be considered the act of a reasonably prudent person under the same or similar circumstances, excusable neglect is established." (*Barragan, supra*, 184 Cal.App.4th at p. 1385.) However, because "every claimant is likely to be suffering from some degree of emotional upset, … it takes an *exceptional showing* for a claimant to establish that his or her disability reasonably prevented the taking of necessary steps." (*Ibid.*, italics added.) A petitioner makes an exceptional showing by establishing that the disability has "substantially interfered with his [or her] ability to function in daily life, take care of his [or her] personal and business affairs, or seek out legal counsel." (*Dept. of Transportation, supra*, 105 Cal.App.4th at p. 46.) "The Legislature obviously did not believe these conditions could provide an escape hatch from the claim-filing requirement, as evidenced by the fact that 'incapacitation' is listed as a separate ground for relief, and is available only where the condition exists

9

throughout the *entire* course of the claim-filing period. (§ 946.6, subd. (c)(3)).)" (*Ibid.*)

## 3.    The trial court did not abuse its discretion in denying the petition.

As a preliminary matter, none of the cases cited by plaintiffs to support their contention that they failed to present timely claims due to surprise, inadvertence, or mistake of fact, involves section 946.6. And the only section 946.6 case cited by plaintiffs to support their excusable neglect claim, *Kaslavage v. West Kern County Water Dist.* (1978) 84 Cal.App.3d 529, is easily distinguishable. Kaslavage was injured when he dove from a pipe into a canal. An investigator began an investigation and learned that the canal was managed and controlled by the Buena Vista Water District. A claim was filed against the Buena Vista Water District. Kaslavage learned shortly after the claim period expired that the pipe was owned by a different public entity than the entity which owned the canal. The appellate court found the failure to identify the second public entity which owned the pipe was excusable because Kaslavage made a substantial investigation. (*Id.* at p. 536.) Indeed, the investigator spent "part of two days in investigation, including an on-site inspection and a check of the official records of the assessor's office. He also questioned four different public agencies in an attempt to obtain information." (*Id.* at p. 535.) Here, we find nothing in the record to suggest that plaintiffs or their counsel made any investigation whatsoever during the required six-month claims filing period.

And while section 946.6 is remedial and to be liberally construed in the claimant's favor (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275), the petitioner must nevertheless demonstrate the elements of such

relief by a preponderance of the evidence. (*Rodriguez v. County of Los Angeles* (1985) 171 Cal. App. 3d 171, 175.) Thus, a court will not abuse its discretion in denying a petition supported only by conclusory declarations or declarations by counsel who are not qualified to give expert opinions. (See *id.* at pp.174–175 [it is proper to deny relief under section 946.6 where there is no competent evidence before the trial court].) In this case, plaintiffs' declarations are conclusory and do little more than parrot the language of the statute by stating, for example, "The reason for the delay in presenting the claim is due to mistake, surprise, inadvertence, and/or excusable neglect." We also note that claimants who have missed the claim filing deadline often assert, as plaintiffs do here, that as lay individuals, they simply did not know that they had a potential cause of action against a public entity or that they needed to file a government claim against the entity. "However, lack of knowledge alone is not considered a sufficient basis for relief, when the claimant did not make an effort to obtain counsel." (*Barragan, supra,* 184 Cal.App.4th at p. 1383.)

As for the declaration made by plaintiffs' counsel, there is no showing that counsel had any percipient knowledge of any of the underlying facts, or that counsel was qualified to give an opinion as an expert witness concerning Solarzano's purported incapacity. Counsel also conceded that plaintiffs' cause of action "accrued" on December 28, 2018 and that plaintiffs did not file their initial government claims until more than nine months later, October 18, 2019.[6]

---

[6] Plaintiffs' counsel also asserted, inconsistently, that "the cause of action accrued and the deadline to file papers began on or after" December 28, 2018, *and* that the time to file papers "was extended due

11

In short, when tested by the reasonably prudent person standard *(DWP, supra*, 82 Cal.App.4th at p. 1293), the court could properly conclude that plaintiffs did not meet their burden of showing entitlement to relief under section 946.6, subdivision (c)(1) for mistake, inadvertence, surprise, or excusable neglect.

Plaintiffs also maintain that the court abused its discretion by failing to grant the petition because Solarzano was incapacitated during the six-month claim presentation period. The court did not expressly rule on the incapacity claim or, for that matter, any other claim.[7] In the absence of express findings, we presume under the doctrine of implied findings that "the trial court impliedly made every factual finding necessary to support its decision." (*Fladeboe v. American Isuzu Motors, Inc.* (2007) 150 Cal.App.4th 42, 48.)

Section 946.6 provides that a petitioner is relieved from the claim presentation requirement (assuming all other statutory conditions are met) if the injured person was physically or mentally incapacitated during the six-month claim presentation period "and *by reason of that disability* failed to present a claim

---

to the delayed discovery rule." If plaintiffs are suggesting the court could, in a section 946.6 proceeding, find that their claims for damages were *timely* under the delayed discovery doctrine, they are mistaken. (See, e.g., *Rason v. Santa Barbara City Housing Authority* (1988) 201 Cal.App.3d 817, 822 ["The petition was the improper vehicle to argue that the claim was timely."].)

[7] Although plaintiffs contend that the court erred by failing to explain its reasons for denying the petition, they do not cite any legal authority supporting that contention.

during that time." (§ 946.6, subd. (c)(3), italics added; *Draper v. City of Los Angeles* (1990) 52 Cal.3d 502, 509 ["The subdivision is designed to assure both that the claimant was disabled during the filing period and that the disability was the reason the claimant could not file timely"].) That is, "[a] person can be disabled yet be able to file a timely claim. The decisions construing subdivision (c)(3) and its predecessor apply the disability provision in just this way: they analyze the extent of the injured person's disability and determine whether it was so great as to preclude filing a timely claim or authorizing someone to do so." (*Draper*, at p. 509.)

Here, the court did not abuse its discretion by implicitly finding that plaintiffs' failure to file a timely claim did not result from Solarzano's physical incapacity during the six-month claim presentation period.

First, as noted, plaintiffs did not submit any medical evidence corroborating Solarzano's physical incapacity allegation. (See *Harrison*, *supra*, 168 Cal.App.3d at p. 9 [trial court properly denied petition for relief based on allegation of physical incapacity when "appellant's declaration contained only general averments that he was physically incapacitated during the 100 days following his accident, unsupported by any physicians' affidavits"].) Second, Solarzano's declaration states that she was physically incapacitated during "*most* of the period when the claim should have been investigated and presented." (Italics added.) And section 946.6, subdivision (c)(3) permits a petitioner relief from the claim filing requirements only upon a finding by the court that the petitioner was physically or mentally incapacitated " '*during all of the time* specified in Section 911.2 for the presentation of the claim and by reason of such disability

13

failed to present a claim during such time[.]' " (*Harrison, supra*, 168 Cal.App.3d at p. 8.) Third, plaintiffs presented no evidence that Solarzano was so incapacitated that Kelly would have been unable to present a claim on her behalf. Finally, notwithstanding her purported incapacity, Solarzano was able to make a declaration in support of plaintiffs' section 946.6 petition while in the hospital.

In sum, the court did not abuse its discretion by concluding plaintiffs did not demonstrate that their failure to comply with the claim presentation requirement was the result of mistake, inadvertence, surprise, or excusable neglect, and/or Solarzano's physical incapacity. Because the court's ruling on those requirements was not an abuse of discretion, we need not and do not address whether the County failed to carry its burden of demonstrating that it would be prejudiced by a late filing. (See *Tammen, supra*, 66 Cal.2d at p. 478.)

14

**DISPOSITION**

The order is affirmed. Respondent County of Los Angeles shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

EGERTON, J.