[Civ. No. 35321. Second Dist., Div. Four. Oct. 29, 1970.]

ROSE SEGAL, Plaintiff and Appellant, v.
SOUTHERN CALIFORNIA RAPID TRANSIT DISTRICT,
Defendant and Respondent.

510

## COUNSEL

Martin Z. N. Katz for Plaintiff and Appellant.

Victor Rosenblatt for Defendant and Respondent.

## OPINION

**KINGSLEY, J.**—This is an appeal from a judgment denying a petition, filed pursuant to section 946.6 of the Government Code, seeking relief from a one-day delay in filing a claim for damages with a public authority. For the reasons set forth below, we reverse the judgment.

The accident involved occurred on October 12, 1968; the formal claim was filed with defendant on January 21, 1969, which was the 101st day.

On Saturday, October 12, 1968, plaintiff, age 78, and her sister were passengers in a bus owned by defendant. The bus stopped suddenly, plaintiff was injured, and two days later plaintiff notified the defendant of her injuries. On Tuesday an insurance adjuster came and offered plaintiff $50. The adjuster did not mention a need to file a written claim.

Plaintiff began treatment with her family physician, and on November 1, 1968, plaintiff entered the hospital for two weeks. On January 11, 1969, the 93d day into the 100-day claim period, an attorney interviewed plaintiff. The attorney for plaintiff claims that he erroneously believed that the filing of the claim occurred within the 100-day period, having incorrectly computed the period from October 12th, the date of the accident, as follows:

"18 days in October of 1968 (October 13-31)
"30 days in November of 1968 (November 1-30)
"31 days in December 1968 (December 1-31)
"21 days in January of 1969 (January 1-21)

"100"

In fact 19 days had passed in October and as a result plaintiff was one day late in filing a claim letter on January 21, 1969.

Defendant denied plaintiff's claim on the grounds that it was filed late and was of "doubtful liability." Plaintiff's attorney filed an application for leave to present a late claim which was denied. Plaintiff then sought permission of the superior court to file a late claim, contending that the claim was filed on the 100th day, but if not, relief should be granted. Defendant filed a memorandum of points and authorities; no opposing declaration or affidavits were filed, and no prejudice was shown by defendant. Plaintiff's request to file a late claim was denied and a motion to reconsider the denial was also denied. Plaintiff has appealed.

The only issue before the court is whether plaintiff should have been granted leave to file a late claim.

Government Code section 911.6[1] and section 946.6, subdivision (c),[2]

---

[1]Under section 911.6 relief is granted by the board as follows:

"(b) The board shall grant the application where:

"(1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudiced by the failure to present the claim within the time specified in Section 911.2; . . ."

[2]Under section 946.6, subdivision (c), the superior court grants relief as follows:

"(c) The court shall relieve the petitioner from the provisions of Section 945.4 if the court finds that the application to the board under Section 911.4 was made within

provide relief for late claimants who file their claims against a public entity beyond the 100-day period, if filed within a reasonable time not to exceed one year after the accrual of the cause of action, where the claimants established by a preponderance of the evidence that the failure to present the claim on time was through mistake, inadvertence, surprise or excusable neglect. (*Dockter* v. *City of Santa Ana* (1968) 261 Cal.App.2d 69 [67 Cal.Rptr. 686].) ■ The legislative intent in these provisions was to alleviate the harshness of strict compliance with the claims presentation period for minors, disabled persons, and persons excusably neglectful. (*Viles* v. *State of California* (1967) 66 Cal.2d 24 [56 Cal.Rptr. 666, 423 P.2d 818].) ■ Also the rule that appellate courts will not reverse the trial court except for abuse of discretion does not preclude reversal of an order denying relief for filing late claims against the state where adequate cause for such relief is shown by uncontradicted evidence or affidavits. (*Viles* v. *State of California, supra.*) ■ In the case at bench the facts contained in plaintiff's affidavits are unrefuted by any counterdeclarations of defendant, nor has defendant shown or even suggested that it was prejudiced in any way by the delay. In view of plaintiff's age and inexperience in legal matters, and in view of the brief period of time in which she was late (only one day) it would be consistent with the liberal policies of the remedial statute, as delineated by the *Viles* case, to grant plaintiff relief.

The case of *Nilsson* v. *City of Los Angeles* (1967) 249 Cal.App.2d 976 [58 Cal.Rptr. 20], is analogous to the case at bench. In that case the late filing was entirely due to an office error by plaintiff's attorney or his staff in calendaring a date. The court held that the calendar error constituted excusable neglect where the opposing party was not prejudiced by the delay and cause for relief was shown by uncontradicted evidence in plaintiff's affidavits.

The judgment is reversed.

Files, P. J., and Jefferson, J., concurred.

---

a reasonable time not to exceed one year after the accrual of the cause of action and was denied or deemed denied pursuant to Section 911.6 and that:

"(1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity establishes that it would be prejudiced if the court relieves the petitioner from the provisions of Section 945.4; . . ."