[No. B003244. Second Dist., Div. Six. Oct. 22, 1984.]

■ALBERT TORBITT et al., Plaintiffs and Appellants, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

**Counsel**

Hillsinger & Costanzo and Richard D. Keppleman for Plaintiffs and Appellants.

Robert F. Carlson, Robert J. Defea, Kenneth G. Nellis and Donald J. Sullivan for Defendant and Respondent.

**Opinion**

**SHAW, J.***—The sole question presented by this appeal is whether the trial court abused its discretion in denying appellants Albert and Martha Torbitt relief from the claim presentation requirement of Government Code section 945.4 against respondent State of California. We find that it did not.

---

*Assigned by the Chairperson of the Judicial Council.

## FACTS

On June 2, 1981, appellant Albert Torbitt was driving his vehicle southbound on highway 101 in Santa Barbara, California. Highway 101 at this location is a four-lane freeway with two lanes in either direction separated by a center divider approximately twenty-five feet wide, which consists of dirt, gravel and oleander bushes. There is no barrier within the center divider. The accident occurred when a freightliner truck, trailer and utility semitrailer, traveling northbound on U.S. 101, went out of control and crossed the center divider and struck several vehicles in the southbound lanes of the freeway. This caused Albert Torbitt's vehicle to collide with other vehicles. Appellant Albert Torbitt was injured in the accident.

In early July 1981 the Torbitts retained counsel to represent them. On July 22, 1981, he filed a complaint on their behalf against several defendants but did not include the State of California. On September 10, 1981, the 100-day period to file a claim against the state expired and no claim was filed. There is conflicting evidence in the record as to various meetings between the Torbitts and their counsel, both as to the dates upon which said meetings occurred and the conversations that were had. However, resolving such conflicts in favor of the determination of the trial court, as we must, the following events ensued.

At the original meeting in early July at the time that the Torbitts retained counsel they informed him that they wished him to file suit on their behalf against any persons who might in any way be liable for their injuries. At that time counsel did not consider the State of California as a potential defendant. He subsequently received some reports from the California Highway Patrol upon which he relied in preparing a complaint. In none of his review of the facts of the case or his discussions or consideration of the matters involved did he ever consider the State of California a potential defendant. Sometime in September, but after September 10, 1981, the Torbitts came into counsel's office and had a discussion with him about the case. At that time they informed him that some of the other persons involved in the accident had filed lawsuits against the State of California and questioned him as to whether or not he should file a suit on their behalf. At that time counsel represented to them that there would be no value in such a suit against the State of California. That the State of California would be nothing more than a nuisance defendant and would unnecessarily complicate and prolong the proceedings and that it was his recommendation that such a suit not be filed. He had no discussion with them at that time regarding the 100-day period in which to file a claim against the state, nor did he ever offer any explanation as to why he had not discussed or considered that matter. He did, at the end of such conference, inform them that he would look into

the feasibility of filing an action against the state. Counsel did nothing more in the matter until sometime after January 1, 1982, when he retained a reconstruction expert to assist him in the preparation of the evidence in the case. In early February his traffic expert pointed out to him the case of *Ducey* v. *Argo Sales Co.* (1979) 25 Cal.3d 707 [159 Cal.Rptr. 835, 602 P.2d 755] and suggested that he consider joining the State of California as a defendant on the theory that the state had created a defective or dangerous condition by its failure to erect a barrier within the median at the location of the accident. Counsel conceded that he had never before heard of the *Ducey* case or any other case wherein liability might be attached to the state under the theory that the mere failure of the state to erect protective devices might be considered the creation of a dangerous or defective condition. After having received this information from his traffic expert, counsel, on February 24, 1982, served claims for personal injury damages on behalf of both Torbitts on the State Board of Control, together with an application for leave to file the claims late pursuant to Government Code section 911.4. He accompanied said application with a statement under oath that the failure to file a timely claim was due to mistake, inadvertence, surprise and excusable neglect on the part of both the Torbitts and himself. Viz, no basis for suing the state was discovered until shortly after January 1, 1982, when an accident reconstruction expert was hired. There is no evidence in the record that the traffic expert provided counsel with any factual information regarding the accident that he had not previously had. The only information that he received from such expert was merely the existence of the then over two-year old appellate decision *Ducey* v. *Argo Sales Co., supra,* holding that a public entity may be liable for failure to erect a median barrier on a freeway.

These claims were heard by the State Board of Control on May 18, 1982, and were denied.

On August 4, 1982, plaintiffs and appellants petitioned the Santa Barbara Superior Court for an order relieving them from compliance with the provisions of Government Code section 945.4. A hearing on plaintiffs' and appellants' petition was held on October 7, 1982. After taking the matter under submission on January 31, 1983, the court denied the petition. Plaintiffs and appellants filed their notice of appeal on April 1, 1983.

### DISCUSSION

Government Code section 911.4 provides in part: "(a) When a claim that is required by Section 911.2 to be presented not later than the 100th day after the accrual of the cause of action is not presented within such time, a written application may be made to the public entity for leave to present

such claim. [¶] (b) The application shall be presented to the public entity . . . within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim. . . ." Section 911.6 states in part: "(b) The board shall grant the application where: (1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudiced by the failure to present the claim within the time specified in Section 911.2 . . . ."

■ The showing required for relief from the 100-day time limit for filing a claim against public entities on grounds of mistake, inadvertence, surprise, excusable neglect is the same as that required under Code of Civil Procedure section 473. (*Kaslavage* v. *West Kern County Water Dist.* (1978) 84 Cal.App.3d 529 [148 Cal.Rptr. 729].) There is no question that the above facts establish that there was mistake or neglect in this case on behalf of counsel for appellants. The issue before the trial court and the one that must be resolved by this court is whether or not such mistake or neglect was excusable.

■ The facts briefly summarized establish that counsel for plaintiffs/appellants never researched the law nor gave any consideration to the question as to whether or not a claim should be filed against the state and the state brought in as a defendant in the action during the 100-day period before the statute elapsed although he had had adequate opportunity to do so. The facts further establish that even though it was pointed out to him by his clients shortly after the 100-day statute had expired that other persons involved in the same incident had filed such claims he still did nothing. It was only some nine months after the accident occurred and over 5 months after the claim statute of 100 days had expired that, finally, after having received legal advice from a layperson he concluded that such a cause of action might be feasible. Is this excusable neglect on behalf of counsel to the extent that the trial court abused its discretion in denying plaintiffs/appellants petition for relief from denial of application to file a late claim with the State of California?

Plaintiffs/appellants argue that the state's liability for failure to erect median barriers on state highways was a complex area of the law, which was resolved only by the decision rendered in *Ducey* v. *Argo Sales Co., supra,* 25 Cal.3d 707. It was, therefore, excusable that counsel would not be aware of such a theory of the law until the case was pointed out to him. There are several flaws with that reasoning. (1) The *Ducey* decision was two years old at the time that counsel was approached in this case, further *Ducey* itself relies on several previous decisions by our appellate courts, *Morris* v. *State of California* (1979) 89 Cal.App.3d 962 [153 Cal.Rptr. 117] and *Harland*

v. *State of California* (1977) 75 Cal.App.3d 475 [142 Cal.Rptr. 201], in arriving at its conclusion that this was an appropriate cause of action against the state.

The other problem with the reasoning of plaintiffs/appellants is that counsel did not make a legitimate factual investigation nor engage in any legal research to determine whether or not such cause of action might be feasible. He simply disregarded the concept in the entirety until it was pointed out to him by a traffic engineer. And, as a matter of trial tactics, he discouraged his clients from even considering such cause of action without bothering to research it after they had pointed out to him that other parties involved in the very same accident were proceeding under such theory. Such petitions have been granted wherein the mistake and neglect was caused by a clerical error, (*Fredrichsen* v. *City of Lakewood* (1971) 6 Cal.3d 353 [99 Cal.Rptr. 13, 491 P.2d 805]), or where there was a factual mistake (*Kaslavage* v. *West Kern County Water Dist.* (1978) 84 Cal.App.3d 529 [148 Cal.Rptr. 729]), a lack of a factual determination as to the cause of injuries (*County of Santa Clara* v. *Superior Court* (1971) 4 Cal.3d 545 [94 Cal.Rptr. 158, 483 P.2d 774]), an error in mathematical calculation (*Segal* v. *Southern California Rapid Transit Dist.* (1970) 12 Cal.App.3d 509 [90 Cal.Rptr. 720]), and in *Flores* v. *Board of Supervisors* (1970) 13 Cal.App.3d 480 [91 Cal.Rptr. 717, 55 A.L.R.3d 925], the Court of Appeal reversed trial court's denial of petition to file a late claim on a showing that an attorney had simply inadvertently forgotten to open a file and allowed the 100-day period to lapse. In that case the claim was filed 23 days after the period expired and the court found that this was a minor error. Plaintiffs/appellants cite no late claim cases wherein an attorney's mistake or ignorance of the law was held sufficient excuse to permit a late filing. Further, we have been unable to find any such authority.

■ A petitioner's ignorance of the law will not alone create an excuse in connection with his late filing of a claim against a public entity for injuries allegedly suffered. (*Tyus* v. *City of Los Angeles* (1977) 74 Cal.App.3d 667 [141 Cal.Rptr. 630].)

■ A personal injury claimant against a public entity is barred from the relief of late filing of such a claim by an inexcusable delay by his counsel. (*Hasty* v. *Los Angeles County* (1976) 61 Cal.App.3d 623 [131 Cal.Rptr. 347].)

In *Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468 [58 Cal.Rptr. 249, 426 P.2d 753], the trial court had denied a petition to file a late claim and the Supreme Court affirmed the ruling of the trial court. Counsel had alleged that the law concerning the presentation of claims to public entities

was "uncertain," and therefore misinterpretation of the law was excusable mistake and neglect. The court stated that the showing required as to mistake, inadvertence, etc., under the claims statute is the same as required under section 473 of the Code of Civil Procedure for relieving a party from a default judgment. The court continued at page 476: "In cases construing section 473 of the Code of Civil Procedure, it has been held that 'Ignorance of the law, at least where coupled with negligence in failing to look it up, will not justify a trial court in granting relief [citations] and such facts will certainly sustain a finding denying relief. [Citations.] [¶] There is a somewhat tenuous line between a mistake of law and ignorance of law. The difference is probably only one of degree. In such cases all factors involved must be considered to determine whether relief should be granted or denied. While there is a strong public policy in favor of permitting a trial of a case on its merits, the determination as to whether a particular mistake of law warrants the granting of relief reposes largely in the discretion of the trial court. [Citation.] In the instant case we are not interested in the question as to whether the trial court could have granted relief based on the claimed mistake of law, but, since the trial court denied relief, only in whether such holding was within its discretion.' (*Security Truck Line* v. *City of Monterey* [1953] 117 Cal.App.2d 441, 445. . . . [¶] In *A & S Air Conditioning* v. *John J. Moore Co.* [1960] 184 Cal.App.2d 617, 620, . . . the court said: 'However, a mistake as to law does not require relief from default as a matter of law. [Citation.] The issue of which mistakes of law constitute excusable neglect presents a fact question; the determining factors are the reasonableness of the misconception and the justifiability of lack of determination of the correct law.' Excusable neglect is 'that neglect which might have been the act of a reasonably prudent person under the same circumstances.' (*Alderman* v. *Jacobs* [1954] 128 Cal.App.2d 273, 276. . . . [¶] Applying the foregoing rules to the facts of the present case the court did not abuse its discretion in finding that Mrs. Tammen was not entitled to relief because of mistake of law. . . ."

In *Carroll* v. *Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892 [187 Cal.Rptr. 592, 654 P.2d 775], the Supreme Court stated at page 895, the word " 'excusable' means just that: inexcusable neglect prevents relief. (*Luz* v. *Lopez* (1960) 55 Cal.2d 54, 65 [10 Cal.Rptr. 161, 358 P.2d 289]; *Benjamin* v. *Dalmo Mfg. Co.* (1948) 31 Cal.2d 523, 528-533 [190 P.2d 593].) Further, as a general rule an attorney's inexcusable neglect is chargeable to the client. (*Benjamin* v. *Dalmo Mfg. Co., supra,* at p. 532.) . . ." The client's redress for inexcusable neglect by counsel is, of course, an action for malpractice. (*Martin* v. *Cook* (1977) 68 Cal.App.3d 799 [137 Cal.Rptr. 434], *Orange Empire Nat. Bank* v. *Kirk* (1968) 259 Cal.App.2d 347 [66 Cal.Rptr. 240].) In *Transit Ads, Inc.* v. *Tanner Motor Livery, Ltd.* (1969) 270 Cal.App.2d 275, 282 [75 Cal.Rptr. 848], the court stated: "When inex-

cusable neglect is condoned even tacitly by the courts, they themselves unwittingly become instruments undermining the orderly process of the law. [Citation.]" Finally, in *Ebersol* v. *Cowan* (1983) 35 Cal.3d 427, 439 [197 Cal.Rptr. 601, 673 P.2d 271], the Supreme Court stated: ". . . Once retained, it is the responsibility of legal counsel to diligently pursue the pertinent facts of that cause of action in order to identify possible defendants." *Ebersol* further restates the rule that the negligence of an attorney is imputed to his client and the client may rely in part on the availability of malpractice remedy against a neglectful attorney.

Taking into consideration all of the facts of this case we find that the trial court did not abuse its discretion in holding that the failure to file a timely claim was not due to excusable neglect and, further, that plaintiffs/ appellants did not file such late claim application within a reasonable time after the accrual of the cause of action.

The order denying the petition is affirmed.

Stone, P. J., and Gilbert, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 16, 1985.