Filed 6/30/15  Jones v. Pierce CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RICHARD PAUL JONES, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> ALBERTINA PIERCE, Individually and as Executor, etc., et al., <br><br> Defendants and Respondents. | A139665 <br><br> (Lake County Super. Ct. No. CV402825) |

Dennis Stuart Pierce (Pierce) and Richard Paul Jones (Jones) were involved in a vehicle accident.  Jones sued Pierce for negligence and Pierce made an offer to compromise pursuant to Code of Civil Procedure section 998.[1]  Jones did not accept the offer and the matter proceeded to trial.  Pierce died while the litigation was pending, and Jones amended his complaint to substitute Pierce's estate and Albertina Pierce as successors in interest (defendants).

A jury found Pierce negligent and awarded Jones damages falling below the amount in Pierce's section 998 offer.  Defendants filed a memorandum of costs and subsequently asked the court to correct the judgment to include their requested costs.  Months after the deadline for filing a motion to tax costs passed, Jones filed a motion pursuant to section 473, subdivision (b), requesting relief from his failure to oppose defendants' cost bill.  He claimed that he was entitled to relief because he did not have an

---

[1]  All further unspecified code sections refer to the Code of Civil Procedure.

1

attorney and was unaware of the time limits and rules related to cost motions. The trial court denied Jones's section 473 motion and filed an amended judgment awarding defendants their costs. Jones, who is in propria persona, appeals and claims that the trial court should have granted his motion for relief and considered his untimely opposition to the costs. We are not persuaded by Jones's arguments and affirm.

## BACKGROUND

This case arises from an automobile accident that occurred on April 16, 2005. Jones asserted that a vehicle driven by Pierce hit the rear of his vehicle. The parties, who both had legal counsel at the time, submitted to nonbinding arbitration and, on July 19, 2007, the arbitrator awarded Jones $13,035.67. Jones rejected the arbitration award, and requested a jury trial de novo.

On September 27, 2007, Pierce made an offer to compromise pursuant to section 998. He offered to pay Jones $7,500 in exchange for Jones's dismissing with prejudice his claims against Pierce. The offer provided that both parties would bear their own costs and attorney fees. Jones did not accept the offer.

Pierce died while the litigation was pending and Jones, in propria persona, pursued his claims against defendants. After Jones presented his case, defendants moved for nonsuit, which the trial court granted. Jones appealed, and we reversed and remanded for further proceedings in our nonpublished opinion, *Jones v. Pierce* (Feb. 6, 2012, A130580).

At the end of the second trial, the superior court submitted the matter to the jury. On August 30, 2012, the jury found Pierce liable for negligence and awarded Jones $2,229 in damages. The court entered judgment in favor of Jones on October 2, 2012.[2]

On September 14, 2012, defendants filed a memorandum of costs seeking $33,198.06 pursuant to sections 998 and 1141.2. More than two months later, on

---

[2] Jones appealed this judgment. On May 20, 2013, we dismissed Jones's appeal as it was untimely. He filed his notice of appeal almost six months after entry of judgment had been served, which was well beyond the 60-day time period for filing a notice of appeal. (See Cal. Rules of Court, rules 8.104(a)(1)(A) & 8.104(a)(1)(B).)

2

November 27, 2012, defendants filed a proposed amended judgment awarding them costs. The proposed judgment was returned to counsel with a memorandum from Judge Stephen O. Hedstrom stating that defendants appeared to be relying on sections 998 and 1141.21 as authority for awarding costs to them but they failed to provide evidence of a served written offer to compromise and section 1141.21 did not apply because the record showed that the court granted Jones a fee waiver for appeals filed on December 7, 2010 and on December 3, 2012. The court noted that section 1141.21, subdivision (b) provides that "[i]f the party electing the trial de novo has proceeded in the action in forma pauperis and has failed to obtain a more favorable judgment, the costs and fees . . . shall be imposed only as an offset against any damages awarded in favor of that party."[3] The court thus refused to sign the first amended judgment.

On March 12, 2013, defendants filed a motion to correct the judgment to include their costs and attached their section 998 offer made to Jones. Defendants argued Jones never filed a motion to tax costs and, under section 998, defendants were entitled to prejudgment costs in the amount of $33,198.06.

Jones, in propria persona, filed a response on April 8, 2013. He contended that defendants' offer to compromise under section 998 had been an unfair and unacceptable offer.

The trial court held a hearing on April 15, 2013. It ordered further briefing on whether section 1141.21, subdivision (b), which limits awards of costs granted under the arbitration program for parties proceeding in forma pauperis, similarly limited costs awarded under section 998. It set a hearing for May 20, 2013.

At the hearing on May 20, 2013, the trial court indicated that it was going to award the costs defendants requested. Jones responded that defendants had not met the good faith requirement under section 998, as the offer was unreasonable. Jones also stressed that he did not know that he had to file a motion to tax costs.

---

[3] The record does not establish that Jones proceeded in the superior court in forma pauperis.

The trial court responded that it was Jones's "choice to proceed to trial" and the jury decided that his case was worth less than both the section 998 offer and the arbitration award. The court stated, "The issues about fairness and so forth could have been addressed in a motion to tax those costs." The court maintained that it had discretion to consider Jones's argument but concluded that "it would be inappropriate at this point to not impose the costs that the defendant[s are] seeking for the costs of their trial. And primarily the bulk of that amount is—looks like in expert fees and so forth, which they needed to present."

The trial court elaborated: "And in this case, apparently, in the jury's mind at least, that expert testimony was somewhat convincing based on the type of verdict [it] came with. [¶] So I realize that the outcome in this is harsh. The amount of costs in putting this trial on far exceed the amount of the judgment that the jury gave you. But the court is going to go ahead and impose costs as sought by the defense here." The court added that Jones's decision to represent himself did not entitle him to special consideration.

Jones told the court that, on May 15, 2013, he had filed pursuant to section 473, subdivision (b), a motion for relief from his failure to file a motion to tax costs. The trial court responded that it believed the time to receive the requested relief had lapsed but Jones was entitled to a hearing.

On June 24, 2013, the trial court held the hearing on defendants' request to amend the judgment to include costs and also considered Jones's request for relief pursuant to section 473, subdivision (b). Jones told the court that he was unaware of the time limits to file a section 473 motion. He stressed that he had an attorney for the arbitration but his attorney abandoned him after telling him the arbitration award was the best he could do for him. Jones also argued that defendants were not entitled to costs under section 998 because Jones's medical bills exceeded the offer made by defendants and "[t]here was no way" that he could accept their offer. He maintained that the offer was not valid because it was not reasonable; he emphasized that it was about one-half the amount of the arbitration award.

4

At the end of the hearing, the trial court remarked that the jury awarded Jones a sum significantly less than the amount in defendants' section 998 offer. Additionally, the court pointed out that Jones's attorney advised him that he did not believe the matter should go to trial, which should have been a warning to Jones that his case was not worth what he believed it was worth. The court noted that Jones did not provide any reason for missing the deadline to file a motion to tax costs and his argument was simply that the offer was too low. The court stated that it believed it had discretion to consider Jones's untimely request to tax costs, but concluded that the offer was reasonable and awarded defendants the requested costs.

The trial court concluded: "And Mr. Jones, I got to tell you, this doesn't make me feel good to do this. I mean, you won your lawsuit, but it's going to cost you $30,000, basically, in round numbers, for the costs in this. But this is one of those cases that I think illustrates the purpose of that statute that allows the other party to attach your costs when someone charges ahead into litigation without a good evaluation of the case and what their chances are. [¶] And in this case, there were several things, and I went over them earlier. One was, you had the advice of a lawyer. The lawyer didn't think it was worth proceeding on. You have had various opportunities to settle and to evaluate the case, and so that will be the judgment."

On June 24, 2013, the trial court filed the amended judgment, awarding defendants costs in the amount of $33,198.06. The judgment stated that Jones did not file a timely motion to tax costs. Notice of entry of the amended judgment was served on Jones on July 2, 2013. Jones filed his timely notice of appeal on August 30, 2013.

## DISCUSSION

### I. *The Law on Section 998 Offers and Costs*

Defendants made a section 998 offer to Jones for $7,500, which he did not accept. After trial, the jury awarded Jones $2,229 in damages.

Section 998, subdivision (c)(1) provides: "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the

5

time of the offer.  In addition, . . . the court or arbitrator, in its discretion, may require the plaintiff to pay a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation for trial or arbitration, or during trial or arbitration, of the case by the defendant."

A verified memorandum of costs is prima facie proof of their propriety, and it is the responsibility of the party opposing the costs to point out errors.  (*Ray v. Clark* (1922) 57 Cal.App. 467, 468-469.)  California Rules of Court, rule 3.1700(b)(1), provides, "Any notice of motion to strike or to tax costs must be served and filed 15 days after service of the cost memorandum. . . ."  Time to file and respond to a cost bill may be extended under California Rules of Court, rule 3.1700(b)(3), which reads:  "The party claiming costs and the party contesting costs may agree to extend the time for serving and filing the cost memorandum and a motion to strike or tax costs. . . .  In the absence of an agreement, the court may extend the times for serving and filing the cost memorandum or the notice of motion to strike or tax costs for a period not to exceed 30 days."

"The 'failure to file a motion to tax costs constitutes a waiver of the right to object' " to a cost bill.  (*Douglas v. Willis* (1994) 27 Cal.App.4th 287, 289-290.)  "After the time has passed for a motion to strike or tax costs or for determination of that motion, the clerk must immediately enter the costs on the judgment."  (Cal. Rules of Court, rule 3.1700(b)(4).)  This is a ministerial act, involving nothing more than a simple mathematical calculation; no exercise of judicial judgment is involved if the plaintiff waived any objection to defendants' cost bill.  (See *Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1237 [court retains power to correct clerical errors in a judgment that has been entered].)  Here, the trial court initially refused to enter defendants' costs on the judgment and the judgment was not amended to include the costs until June 2013.

Jones does not dispute that he did not file a timely response to defendants' cost bill.  He maintains that the amended judgment should not have added defendants' costs,

6

as the trial court should have granted his motion pursuant to section 473, subdivision (b), and permitted him to oppose defendants' requested costs.

## II. *Jones's Motion Pursuant to Section 473, Subdivision (b)*

Section 473, subdivision (b) provides, in relevant part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken. . . ."

Defendants contend the court did not have jurisdiction under section 473, subdivision (b) to consider Jones's motion. "The six-month time limit for granting relief under section 473 is jurisdictional and relief cannot be granted under section 473 if the application for such relief is instituted more than six months after the entry of the judgment, order or proceeding from which relief is sought." (*Aldrich v. San Fernando Valley Lumber Co.* (1985) 170 Cal.App.3d 725, 735, fn.3; see also *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980.)

Defendants point out that they filed their verified memorandum of costs on September 14, 2012, and, under California Rules of Court, rule 3.1700(b)(1), Jones had 15 days after service of this memorandum to file his motion to tax costs. Since Jones filed his section 473 motion in May 2013, more than six months beyond the deadline to file opposition to the cost bill, defendants argue that the trial court did not have jurisdiction to consider his request for relief.

Here, as already noted, the trial court first refused to include defendants' costs on the judgment and the amended judgment with the costs was not filed until after Jones had filed his section 473 motion. The deadline for filing the motion to tax costs did not trigger the six-month period for filing the section 473 motion; the time period does not commence until a timeliness objection is raised in a proceeding or the court enters costs

7

on the judgment. (See *Lee v. Wells Fargo Bank* (2001) 88 Cal.App.4th 1187, 1199-1200; *Colbrun Biological Institute v. DeBold* (1936) 6 Cal.2d 631, 634.) Defendants have not cited any proceeding, dismissal, judgment, or order that triggered the six-month time limit prior to the hearing on defendants' motion to amend the judgment to add costs. Accordingly, we reject defendants' assertion that the trial court was without jurisdiction to consider Jones's section 473 motion.

The Supreme Court has held that, in the absence of a showing of prejudice, "the trial court has broad discretion in allowing relief on grounds of inadvertence from a failure to timely file a cost bill [or motion to tax costs]." (*Pollard v. Saxe & Yolles Dev. Co.* (1974) 12 Cal.3d 374, 381.) We review the trial court's denial of Jones's requested relief for an abuse of discretion. (See, e.g., *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257 (*Zamora*).)

Jones's sole argument in the trial court and on appeal is that he was entitled to relief because he did not have legal counsel and did not know that he had to file a motion to tax costs. He points out that the memorandum of costs did not include an instruction or warning that he had only 15 days to respond or contest the requested costs. He asserts that lay people are not held to the same standards as attorneys.

Jones made the decision to proceed without counsel and must show that he exercised reasonable diligence to avoid an undesirable judgment, as "[c]ourts neither act as guardians for incompetent parties nor for those who are grossly careless of their own affairs." (*Elms v. Elms* (1946) 72 Cal.App.2d 508, 513.) "[T]he court inquires whether a 'reasonably prudent person under the same or similar circumstances' might have made the same error." (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 276 (*Bettencourt*).)

Jones's argument that he should be excused because he did not have an attorney is not persuasive. "The law does not entitle a party to proceed experimentally without counsel and then turn back the clock if the experiment yields an adverse result. One who voluntarily represents himself 'is not, for that reason, entitled to any more (or less) consideration than a lawyer. Thus, any alleged ignorance of legal matters or failure to

properly represent himself can hardly constitute "mistake, inadvertence, surprise or excusable neglect" as those terms are used in section 473.' [Citation.] Rather, 'when a litigant accepts the risks of proceeding without counsel, he or she is stuck with the outcome, and has no greater opportunity to cast off an unfavorable judgment than he or she would if represented by counsel.' [Citation.]" (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1413.)

Jones cites *Zamora, supra,* 28 Cal.4th 249 and *Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674 in support of his argument that an unrepresented party is not held to the same standard as an attorney. These cases are unavailing. Both of these cases explain that an attorney's mistake or inadvertence is excusable under section 473 only if the mistake is the type "made by a person with no special training or skill." (*Garcia,* at p. 684; see also *Zamora,* at p. 258.) We pointed out in *Garcia* that "[o]bviously, an untrained person might be expected to make mistakes when performing the functions of an attorney" and noted that an attorney is not excused when committing errors while discharging strictly professional duties. (*Garcia,* at p. 684.) Neither *Garcia* nor *Zamora* suggest that a person in propria persona may seek relief under section 473 when the error results from a lack of knowledge of the law or legal procedure. To the contrary, these two cases confirm that section 473 permits relief from error only when the error can be "fairly imputable to the client, i.e., mistakes anyone could have made." (*Garcia,* at p. 682; see also *Zamora,* at p. 258.)

Jones also relies on *Kaslavage v. West Kern County Water Dist.* (1978) 84 Cal.App.3d 529 (*Kaslavage*) and *Bettencourt, supra,* 42 Cal.3d 270 to contend that these cases involved more serious acts of negligence than his and the courts granted relief under section 473. In *Kaslavage,* the plaintiff was injured while diving from an irrigation pipe into a canal. The plaintiff's attorneys did not discover until several months after the claims period expired that the pipe was not owned by the same public entity that owned the canal. (*Id.* at pp. 532-533.) The Court of Appeal reversed the trial court's refusal to grant relief under Government Code section 946.6 from the effect of the late filing of the claim, because the evidence established that an "extensive investigation was conducted"

and the "investigator's actions were not devoid of diligence." (*Kaslavage,* at pp. 536-537.)

*Bettencourt, supra,* 42 Cal.3d 270 involved a wrongful death action arising from a fatal field trip sponsored by a city college. (*Id.* at p. 273.) The plaintiffs' attorney mistakenly filed a claim with the state, believing that the employees of the college were state employees; they were actually employees of a community college district. (*Id.* at p. 274.) The Supreme Court concluded that the attorney's failure to file a timely claim with the correct public entity was one a reasonably prudent person would have made because of the "confusing blend of state and local control and funding" for community colleges. (*Id.* at pp. 276-278.) The court observed that the attorney had made an erroneous assumption leading him to sue the wrong public entity, but otherwise had been diligent in investigating and pursuing this action. (*Id.* at p. 278.) Furthermore, the court explained that counsel had sought to remedy his mistake promptly. (*Id.* at p. 281.)

In contrast to the mistakes made in *Kaslavage* and *Bettencourt,* Jones's mistake was not one that a prudent person would make. Moreover, Jones ignores that a party seeking relief under section 473 must be diligent (*Zamora, supra,* 28 Cal.4th at p. 258), and Jones did not demonstrate diligence. Defendants filed the memorandum of costs in September 2012, and their proposed amended judgment awarding them costs at the end of November 2012; Jones did not file his request for relief under section 473, subdivision (b), until May 2013. He presented no evidence that he made any effort to ascertain the rules related to requesting and opposing costs. Relief under section 473, subdivision (b) is properly denied where the record shows ignorance of the law and lack of diligence in ascertaining it. (*Hopkins & Carley v. Gens, supra,* 200 Cal.App.4th at pp. 1412-1413.)

Jones made the decision to represent himself and "permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell, supra,* 8 Cal.4th at p. 985.) We agree with the trial court's assessment that Jones failed to provide a reasonable excuse for his failure to determine the rules related to opposing a memorandum for costs; accordingly, the trial court did not abuse its discretion in denying

Jones's section 473 motion. (See *Robbins v. Los Angeles Unified School Dist.* (1992) 3 Cal.App.4th 313, 319 [trial court did not abuse its discretion by denying unrepresented plaintiffs' section 473 motion based on a mistake in law because plaintiffs made no effort to ascertain the validity of their erroneous belief that the motion to dismiss was moot].)

Since Jones did not file a motion to tax costs, he waived any challenge to defendants' memorandum of costs. (See, e.g., *Douglas v. Willis, supra,* 27 Cal.App.4th at pp. 289-290 [failure to file a timely challenge to cost bill waives right to contest it later on appeal]; see also *Santos v. Civil Service Bd.* (1987) 193 Cal.App.3d 1442, 1447 [same].) Therefore, we decline to consider Jones's belated arguments that the section 998 offer was unreasonable and made in bad faith.

## DISPOSITION

The judgment is affirmed. Jones is to pay the costs of appeal.

_____
Kline, P. J.

We concur:


_____
Stewart, J.


_____
Miller, J.

*Jones v. Pierce* (A139665)

12