Filed 7/15/22 Valson v. Dept. of Corrections and Rehabilitation CA3

<u>NOT TO BE PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| SILUS MARDEL VALSON, Plaintiff and Appellant, v. DEPARTMENT OF CORRECTIONS AND REHABILITATION, Defendant and Respondent. | C092788 (Super. Ct. No. 34-2019-00259697-CU-IP-GDS) |

Silus Valson sued the California Department of Corrections and Rehabilitation (CDCR) for the alleged theft of his idea about a prison plan of operation. He now contends the trial court erred in sustaining CDCR's demurrer to his first amended complaint without leave to amend and in denying his motion for relief under Code of Civil Procedure section 473, subdivision (b).[1]

Because Valson's appeal from the judgment was untimely, this court lacks jurisdiction to consider the appeal. In addition, Valson does not establish that the trial court abused its discretion in denying his motion for relief. Accordingly, we will dismiss the appeal from the judgment of dismissal and affirm the order denying Valson's section 473, subdivision (b) motion.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

1

## BACKGROUND

Valson filed a complaint against CDCR for conversion, theft, and violation of constitutional rights. He alleged that in September 2019, CDCR unlawfully took his idea called Recreational Experiment Created For Effective Social Success (Recess). He sought recovery of his property and compensatory and punitive damages.

After Valson filed a first amended complaint, CDCR demurred. On December 30, 2019, the trial court filed an order sustaining the demurrer without leave to amend and a judgment in favor of CDCR and against Valson. On January 6, 2020, CDCR filed and served by mail on Valson a notice of entry of the demurrer order and a notice of entry of judgment.

Valson filed a motion to set aside and vacate the judgment pursuant to section 663 on January 21, 2020. The trial court dropped the motion, concluding Valson did not comply with the statutory notice requirement, section 663 did not lie to vacate a judgment following an allegedly erroneous demurrer ruling, and the trial court did not have jurisdiction to reconsider its demurrer ruling because judgment had been entered. Valson filed a notice of appeal from the order denying his section 663 motion but filed an abandonment of that appeal less than two months later.

Thereafter, on May 26, 2020, Valson filed a motion for relief under section 473, subdivision (b) on the ground of inadvertence. He claimed he did not know until later that he had a cause of action under contract or that he should have converted his first amended complaint into a petition for writ of mandate. Valson submitted a declaration with his motion for relief. The declaration did not explain what actions Valson took to determine any cause of action he might have had against CDCR, when he discovered the grounds upon which he based his application for relief, and why he did not file a motion for relief sooner. Valson submitted a subsequent declaration stating he did not know how to proceed in the action until after the trial court had sustained the demurrer and he could not have discovered the correct law earlier. CDCR opposed the motion for relief.

2

The trial court denied Valson's motion. It found Valson made no showing of excusable neglect under section 473. The trial court noted that in general, the failure to advance an argument did not qualify as excusable neglect, and relief is properly denied when ignorance of the law is coupled with negligence in ascertaining it. The trial court added that self-represented litigants are not entitled to special treatment.

DISCUSSION

I

Valson contends the trial court erred in sustaining CDCR's demurrer without leave to amend. CDCR responds that this Court lacks jurisdiction to review the demurrer ruling because Valson's appeal from the judgment was untimely. We agree with CDCR.

In general, a notice of appeal must be filed 60 days after service of a notice of entry of judgment or 180 days after entry of judgment. (Cal. Rules of Court, rule 8.104(a).) We must dismiss the appeal if the notice of appeal is filed late. (Cal. Rules of Court, rule 8.104(b).) This is because "[t]he time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal." (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.)

An order sustaining a demurrer without leave to amend is not an appealable order. (*I. J. Weinrot & Son, Inc. v. Jackson* (1985) 40 Cal.3d 327, 331 (*I. J. Weinrot & Son, Inc.*).) The plaintiff must appeal from the judgment entered on such order. (*Ibid.*) Following the sustaining of CDCR's demurrer to the first amended complaint without leave to amend, judgment was entered in favor of CDCR and against Valson on December 30, 2019. CDCR filed a notice of entry of judgment on January 6, 2020, with proof of service by mail. The time for filing a notice of appeal from the judgment began to run upon the mailing of the notice of entry of judgment. (*I. J. Weinrot & Son, Inc.,* at p. 331.) Valson filed a notice of appeal from the judgment on October 1, 2020, more than 60 days after CDCR served the notice of entry of judgment and more than 180 days

3

after entry of judgment. Even if Valson's section 663 motion extended the time to appeal pursuant to rule 8.108(c) of the California Rules of Court, Valson did not file a notice of appeal from the judgment within the time permitted under rule 8.108(c)(3) [180 days after entry of judgment]. When a litigant is self-represented, he or she is entitled to the same, but no greater, consideration than other litigants and is held to the same rules as an attorney. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Barton v. New United Motor Manufacturing, Inc*. (1996) 43 Cal.App.4th 1200, 1210; *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639; *Lombardi v. Citizens National Trust & Sav. Bank* (1955) 137 Cal.App.2d 206, 208-209.) Because the notice of appeal was not timely filed, this court lacks jurisdiction over the appeal and we must dismiss it.

II

Valson nevertheless argues the trial court erred in denying his motion for relief under section 473, subdivision (b). He claims he is entitled to relief on the grounds of mistake and excusable neglect.

An order denying relief under section 473 is appealable. (*Burnette v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1265-1266 (*Burnette*); *Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394 (*Generale Bank Nederland*).) Section 473, subdivision (b) provides: "The court may, upon any terms as may be just, relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." Although the statute is remedial and to be liberally construed, the party seeking relief must affirmatively show, by a preponderance of the evidence, both a satisfactory excuse and diligence in making the motion for relief. (*Luz v. Lopes* (1960) 55 Cal.2d 54, 62; *Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410 (*Hopkins & Carley*).) To meet this burden, the moving party must produce evidence. (*Kendall v. Barker* (1988) 197 Cal.App.3d 619, 623-625.) A trial court has no discretion

4

to grant relief in the absence of such proof. (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1423.)

Whether a party should be granted relief under section 473, subdivision (b) lies within the sound discretion of the trial court. (*Hopkins & Carley, supra*, 200 Cal.App.4th at p. 1410; see *Tammen v. San Diego County* (1967) 66 Cal.2d 468, 476 (*Tammen*).) We will not disturb the trial court's exercise of discretion in the absence of a clear showing of abuse. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610 (*State Farm*).)

Valson asserts he could maintain an action against CDCR by converting the operative pleading, through amendment, into a petition for writ of mandate and asserting a cause of action under contract, and that he previously failed to do so because of his justifiable misunderstanding of the correct law. He appears to attribute his misunderstanding to a March 21, 2019 letter from the Department of General Services Government Claims Program (GCP) rejecting his claim against CDCR. That letter said Valson's "claim involves complex issues that are beyond the scope of analysis and legal interpretation typically undertaken by the GCP. Claims involving complex issues are best determined by the courts. Therefore, staff did not make a determination regarding the merit of the claim, and it is being rejected so [Valson] can initiate court action if [he chooses] to pursue this matter further." Valson argues he understood the GCP letter to say that once the trial court reviewed the nature of the action it would determine the merits of the claim and instruct him on how to proceed, but the trial court did not assist him.

"An 'honest mistake of law' can provide 'a valid ground for relief,' at least 'where a problem is complex and debatable,' but relief may be properly denied where the record shows only 'ignorance of the law coupled with negligence in ascertaining it.' " (*Hopkins & Carley, supra*, 200 Cal.App.4th at pp. 1412-1413; accord *Tammen, supra*, 66 Cal.2d at p. 476; *State Farm, supra*, 90 Cal.App.4th at p. 611.) Whether a mistake of law

5

constitutes excusable neglect under section 473, subdivision (b) presents a question of fact. (*Tammen,* at p. 476.) " '[T]he determining factors are the reasonableness of the misconception and the justifiability of lack of determination of the correct law.' Excusable neglect is 'that neglect which might have been the act of a reasonably prudent person under the same circumstances.' " (*Ibid.*)

That a party does not have an attorney, lacks knowledge of the law, and made an error in self-representation does not constitute mistake, inadvertence, surprise or excusable neglect under section 473. (*Hopkins & Carley, supra*, 200 Cal.App.4th at pp. 1413-1414; *Burnette, supra*, 148 Cal.App.4th at pp. 1267.) "Rather, 'when a litigant accepts the risks of proceeding without counsel, he or she is stuck with the outcome, and has no greater opportunity to cast off an unfavorable judgment than he or she would if represented by counsel.' " (*Hopkins & Carley,* at p. 1413.) Any alleged ignorance of the law or failure of proper self-representation does not justify relief under section 473. (*Hopkins & Carley,* at p. 1414; *Goodson v. Bogerts, Inc.* (1967) 252 Cal.App.2d 32, 40.)

In *Hopkins & Carley*, the individual seeking relief under section 473 averred that as a self-represented party, he did not understand that the other party had a conflict of interest, and he moved for relief as soon as he was able to retain counsel and discover the effect of the conflict. (*Hopkins & Carley, supra*, 200 Cal.App.4th at p. 1411.) The appellate court held that the moving party's declaration failed to prove mistake or excusable neglect. (*Id.* at pp. 1411-1416.) The court said the declaration lacked details establishing "the excusability of the claimed ignorance: When was counsel retained? Why was [the moving party] not 'able' to engage counsel sooner? What exactly was 'discovered'? How? When? By whom? And most critically, again -- why not sooner? These omissions are fatal to the motion because without at least some such information it is impossible to determine what the supposed mistake was and whether it furnished a legally sufficient excuse for the failure to assert the conflict-of-interest defense in a timely manner." (*Id.* at p. 1411.)

6

Valson did not submit any evidence in the trial court supporting his alleged mistake. Valson appears to suggest, without citation to authority, that the GCP was required to educate him, but we do not consider the unsupported claim. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) Moreover, the GCP letter does not support Valson's claim for relief. The letter informed Valson that the GCP could not decide his claim and he may pursue the claim in court. It warned: "You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately." Valson did not present evidence that he diligently attempted to consult an attorney or diligently investigated the law. (See, e.g., *Robbins v. Los Angeles Unified School Dist.* (1992) 3 Cal.App.4th 313, 319; see *Generale Bank Nederland, supra*, 61 Cal.App.4th at pp. 1401-1402; *Torbitt v. State of California* (1984) 161 Cal.App.3d 860, 864-867.) On this record, Valson fails to establish that the trial court abused its discretion in denying his motion for relief under section 473, subdivision (b).

## DISPOSITION

The appeal from the judgment of dismissal is dismissed. The order denying Valson's motion for relief under section 473, subdivision (b) is affirmed. CDCR shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

/S/
MAURO, Acting P. J.

We concur:

/S/
RENNER, J.

/S/
KRAUSE, J.

7